KENNETH E. NICHOLSON, Plaintiff v. JACKSON COUNTY SCHOOL BOARD, JACKSON COUNTY BOARD OF EDUCATION, James Roper, Chairman, Ali Large, Ken Henke, Nathan Moss, Mary Jane Dillard, in their capacities as members of the Jackson County School Board, and Superintendent C.E. McCARY, III, Defendants

No. COA04-1146

(Filed 7 June 2005)

**1. Courts— transfer from district to superior—motions to dismiss in both**

A motion to dismiss was appropriately heard immediately after the court transferred the case from district court where defendants had simultaneously filed a motion to dismiss in district court. Although plaintiff argues that the superior court lacked jurisdiction, the transfer occurred when the superior court allowed defendants' motion to transfer, and the superior court was therefore the proper place to hear the substantive motion to dismiss. Plaintiff had notice of the hearing on the motion to dismiss, attended and participated, and made no objection.

**2. Collateral Estoppel and Res Judicata— prior ruling brought by petition—issue resolved—judgment on the merits**

Res judicata and collateral estoppel barred a breach of contract action by a dismissed high school principal where a superior court had issued a prior ruling that plaintiff had not timely requested a hearing before the board of education. Although plaintiff contended that the earlier ruling did not constitute a judgment on the merits because the matter was before the court by way of petition, it is clear that the earlier court resolved the issue of whether plaintiff was denied a proper hearing, and he may not now relitigate the issue.

Appeal by plaintiff from judgment entered 1 June 2004 by Judge J. Marlene Hyatt in Jackson County Superior Court. Heard in the Court of Appeals 21 April 2005.

*McLean Law Firm, P.A., by Russell L. McLean, III, for plaintiff-appellant.*

*Tharrington Smith, L.L.P., by Kenneth A. Soo and Deborah R. Stagner, for defendants-appellees.*

MARTIN, Chief Judge.

Plaintiff appeals from an order allowing defendants' motion to dismiss his complaint and denying plaintiff's motion to amend the complaint. We affirm.

On 4 March 2004, plaintiff filed a complaint in Jackson County District Court alleging claims against the Jackson County School Board ("School Board"), the Jackson County Board of Education ("Board of Education"), individual School Board members in their official capacities, and Superintendent C.E. McCary, III ("Superintendent McCary") (collectively hereinafter, "defendants") for breach of contract and wrongful termination. Plaintiff alleged he had been hired by defendants by contract dated 31 May 2000 to serve as the principal of Smoky Mountain High School in Jackson County. On or about 23 June 2003, Superintendent McCary suspended plaintiff from his position upon allegations he had violated School Board policies. Plaintiff was subsequently terminated from his position on 4 September 2003. In his complaint, plaintiff alleged he was terminated without proper procedure, specifically, that he was terminated without notice or a hearing upon the charges against him, and that defendants thereby breached their contract with him. Plaintiff claimed damages in excess of ten thousand dollars as a result of defendants' actions.

On 29 March 2004, the School Board and the Board of Education, along with the individual members of the School Board, moved to transfer plaintiff's case to superior court pursuant to section 7A-258 of the North Carolina General Statutes, on the ground that plaintiff sought damages in excess of ten thousand dollars. They also moved to dismiss plaintiff's case on the following grounds: (1) plaintiff had failed to plead facts to demonstrate he had exhausted administrative remedies available to him; (2) plaintiff's suit was barred by the doctrines of *res judicata* and collateral estoppel; (3) plaintiff's second cause of action did not state a claim for wrongful termination because he was a contract employee; and (4) plaintiff could not maintain his claims against the individual members of the School Board, as they were sued in their official capacities only.

In support of defendants' contention that plaintiff's complaint was barred by the doctrines of *res judicata* and collateral estoppel, an order of the superior court of Jackson County filed 22 December 2003 was attached to the motion to dismiss. The 22 December 2003 order contained the following pertinent findings:

3. On or about June 24, 2003, the superintendent of the Jackson County Schools, Dr. C.E. McCary III, suspended [plaintiff] from his duties with pay pursuant to G.S. 115C-325(f1). Dr. McCary notified [plaintiff] by letter that the purpose of the suspension was to investigate allegations that [plaintiff] had sexually harassed two subordinates.

4. [Plaintiff], in a letter from his attorney dated July 1, 2003, requested an appeal of the suspension with pay to the school board "unless, or until you can convince us that this does qualify for one of the criterion for which suspension may be appropriate under the statutes."

5. Nancy R. Sherill and B. David Steinbicker investigated complaints against [plaintiff], including complaints from a third employee, and notified [plaintiff] by letter dated July 8, 2003, that his alleged conduct violated Board policy. The letter stated that the matter would be referred to the superintendent for corrective steps.

6. [Plaintiff], through his attorney, wrote Superintendent McCary a letter dated July 10, 2003, stating "Please consider this letter a notice of appeal based upon the findings of Ms. Nancy R. Sherill." The letter further requested a copy of Ms. Sherill's report.

7. Superintendent McCary sent a letter to [plaintiff] on July 30, 2003, outlining in detail accusations of sexual harassment made by three school employees against [plaintiff]. The superintendent's letter notified [plaintiff] that the evidence showed that [plaintiff] had violated Jackson County Board of Education policy and the North Carolina General Statutes.

8. Superintendent McCary's July 30, 2003, letter stated that he would recommend to the Board of Education that the Board dismiss [plaintiff] from employment. The letter notified [plaintiff] that he could have the superintendent's intended recommendation reviewed by a case manager if he requested a hearing within fourteen days, and that he could request a hearing before the Board of Education within fourteen days. It is not disputed that [plaintiff] received the letter on July 31, 2003.

9. Superintendent McCary, [plaintiff] and their respective counsel met on August 4, 2003, to discuss the charges against [plaintiff].

10. Neither [plaintiff] nor his attorney filed a written request for a hearing within fourteen days of [plaintiff's] receipt of the July 30, 2003, letter from Superintendent McCary. By letter dated August 18, 2003, [plaintiff], through counsel, requested a hearing.

11. In view of [plaintiff's] failure to request a hearing within fourteen days of receipt of the July 30, 2003, letter, the Jackson County Board of Education on September 4, 2003, dismissed [plaintiff] upon Superintendent McCary's recommendation.

12. The procedures contained in N.C. Gen. Stat. § 115C-325 govern the dismissal of contract school principals and apply to this case.

13. The July 30, 2003, letter from Superintendent McCary adequately notified [plaintiff] that he must request a hearing within fourteen days, and [plaintiff] failed to do so as required by G.S. § 115C-325(h).

14. [Plaintiff] failed to request a hearing within fourteen days of his receipt of Superintendent McCary's notice to [plaintiff] of his intent to recommend [plaintiff's] dismissal to the Board of Education.

15. The Jackson County Board of Education did not violate [plaintiff's] rights under G.S. § 115C-325 or his due process rights when it dismissed him on September 4, 2003.

In the 22 December 2003 order, the trial court denied plaintiff's motions to (1) remand his case for a hearing before the Board of Education or case manager; (2) stay the Board of Education's decision to dismiss him; and (3) hold an evidentiary hearing before the trial court on the allegations contained in the sexual harassment complaint. Plaintiff did not appeal the 22 December 2003 order.

The motions to dismiss and to transfer plaintiff's case came before the superior court on 19 April 2004. The trial court also heard an oral motion by plaintiff to amend the complaint. After examining the pleadings, the court file, and upon argument by counsel, the trial court ordered the case transferred to superior court, allowed defendants' motion to dismiss, and denied plaintiff's motion to amend. Plaintiff appeals.

[1] Plaintiff first argues the trial court erred by hearing the motion to dismiss immediately after ruling on, and allowing, the motion to

transfer to superior court. On 29 March 2004, defendants served notice for a 19 April 2004 hearing of their motion to transfer to the superior court division. Also on 29 March 2004, defendants served plaintiff notice of hearing in the superior court division on their motion to dismiss. Defendants simultaneously filed their motion to dismiss in the district court division. Because defendants filed the substantive motion to dismiss in the district court division, plaintiff argues the superior court lacked jurisdiction over the motion to dismiss and that notice was thereby defective. We reject plaintiff's argument.

As plaintiff concedes, transfer of the substantive case occurred on 19 April 2004 when the superior court allowed defendants' motion to transfer to the superior court division. The case was transferred at that time, and the superior court was therefore the proper division to hear the substantive motion to dismiss. Moreover, plaintiff had notice of the hearing on the motion to dismiss more than two weeks before the actual hearing, attended and participated in the hearing, and made no objection to the hearing. "A party waives notice of a motion by attending the hearing of the motion and by participating in the hearing without objecting to the improper notice or requesting a continuance for additional time to produce evidence." *Anderson v. Anderson*, 145 N.C. App. 453, 456, 550 S.E.2d 266, 269 (2001). We overrule this assignment of error.

[2] By his second assignment of error, plaintiff contends the trial court erred in dismissing his case as a matter of law. Plaintiff argues the earlier 22 December 2003 order of the trial court did not constitute a "judgment on the merits" for the purposes of *res judicata*, and therefore poses no bar for his present claim for breach of contract. Again we disagree.

"Under the doctrine of *res judicata*, a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them." *Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993). The essential elements of *res judicata* are: (1) a final judgment on the merits in an earlier lawsuit; (2) an identity of the cause of action in the prior suit and the later suit; and (3) an identity of parties or their privies in both suits. *See Hogan v. Cone Mills Corp.*, 315 N.C. 127, 135, 337 S.E.2d 477, 482 (1985); *Culler v. Hamlett*, 148 N.C. App. 389, 392, 559 S.E.2d 192, 194 (2002). "When a court of competent jurisdiction has reached a decision on facts in

**NICHOLSON v. JACKSON CTY. SCHOOL BD.**

[170 N.C. App. 650 (2005)]

issue, neither of the parties are allowed to call that decision into question and have it tried again." *Green v. Dixon,* 137 N.C. App. 305, 308, 528 S.E.2d 51, 53, *aff'd per curiam,* 352 N.C. 666, 535 S.E.2d 356 (2000). Similarly, under the doctrine of collateral estoppel, "when an issue has been fully litigated and decided, it cannot be contested again between the same parties, even if the first adjudication is conducted in federal court and the second in state court." *McCallum v. N.C. Coop. Extension Serv.,* 142 N.C. App. 48, 52, 542 S.E.2d 225, 231, *disc. review denied,* 353 N.C. 452, 548 S.E.2d 527 (2001). Collateral estoppel applies when the following requirements are met: (1) the issues to be concluded are the same as those involved in the prior action; (2) the issues in the prior action were raised and actually litigated; (3) the issues were material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action was necessary and essential to the resulting judgment. *Id.* at 54, 542 S.E.2d at 233.

In the case at bar, plaintiff's claims for breach of contract and wrongful termination are based entirely upon his contention he was denied a hearing by the School Board before his dismissal. The 22 December 2003 order of the trial court, however, addressed these very issues and concluded plaintiff was not entitled to a hearing because he failed to timely request such hearing. Plaintiff was entitled to appeal the 22 December 2003 order, but did not do so. Plaintiff nevertheless asserts the earlier order did not constitute a "judgment on the merits" for purposes of *res judicata* or collateral estoppel because the matter was then before the court by way of petition filed by plaintiff to review the actions of the School Board.

Plaintiff does not fully explain, nor does he cite any support for his assertion that an order issued by a trial court upon petition rather than upon complaint, does not constitute a "final judgment." Regardless of the procedural manner in which the issue reached the trial court, it is clear from the 22 December 2003 order that the focus of the court's review of the Board's termination of plaintiff was his claim that he was denied a proper hearing. The trial court resolved this issue against him, and plaintiff may not now seek to re-litigate whether or not he was denied a proper hearing. *See McCallum,* 142 N.C. App. at 55, 542 S.E.2d at 233 (holding that a federal court's resolution of issues central to the plaintiff's claims in state court prevented litigation of the plaintiff's suit in state court). Plaintiff's present suit is a breach of contract claim based upon his contention that he was denied a proper hearing. The doctrines of *res judicata*

and collateral estoppel bar an action, and the trial court did not err in dismissing it. We overrule this assignment of error.

Finally, plaintiff argues the trial court abused its discretion in denying his oral motion to amend his complaint. During the hearing to dismiss, defendants argued plaintiff's complaint failed to allege he had exhausted his administrative remedies before filing suit, and should therefore be dismissed. Plaintiff then moved to amend his complaint to allege he had in fact exhausted his administrative remedies, which motion the court denied. Plaintiff argues the court had no basis to deny his motion and thus abused its discretion. As we have already determined that plaintiff's complaint was properly dismissed on the basis of *res judicata* and collateral estoppel, we need not address this assignment of error.

The judgment of the trial court is hereby

Affirmed.

Judges TYSON and LEVINSON concur.