CITY OF LUMBERTON v. U.S. COLD STORAGE, INC.

[178 N.C. App. 305 (2006)]

CITY OF LUMBERTON, Plaintiff-Appellee v. UNITED STATES COLD STORAGE, INC., Defendant-Appellant

No. COA05-889

(Filed 5 July 2006)

**1. Collateral Estoppel and Res Judicata—res judicata—sewer usage—federal action and subsequent state action**

Defendant's claims regarding sewer usage are precluded by the doctrine of res judicata, because: (1) the issue of whether the City Code is applicable to and/or enforceable against defendant has already been litigated in a federal court action and thus constitutes a final decision; (2) a party may not file suit seeking relief for a wrong under one legal theory and then after that theory fails, seek relief for the same wrong under a different legal theory in a second legal proceeding; and (3) defendant failed to provide any explanation why it could not in the exercise of reasonable diligence have pursued this theory in the federal court action.

**2. Utilities— city water—charges for well water use**

The trial court's order granting summary judgment to plaintiff city regarding charges for well water use is reversed, and the case is remanded for a determination of the amount of city water consumed by defendant from 1 January 2002 to 30 June 2003 to be calculated based on the applicable rate for that time period, because no provision in the contract and no statutory authority, including Code § 23-2, existed enabling plaintiff to assess any fee for water defendant draws from its own well. The trial court's order permitting plaintiff to charge defendant for any well water subsequent to 30 June 2003 is also reversed.

**3. Utilities— city water—historical usage billing method**

The trial court's order granting summary judgment to plaintiff city regarding charges employing a historical usage billing method to well water use is reversed in part, because a portion of the judgment requiring defendant to pay $208,067.02 was calculated from charges the Court of Appeals determined did not apply to defendant from well water use. The case is remanded for calculation of the utility fee less the amount of well water defendant used from February 1996 to January 2002.

**4. Utilities— city water—applicability of code sections**

Although defendant contends plaintiff's application of Code § 23-22(d), as amended by Ordinance 1959, violates both N.C.G.S. § 160A-174 and the North Carolina Constitution, the Court of Appeals already determined that Code § 23-22(a) through (d) did not apply to defendant.

**5. Utilities— tampering with public sanitary sewer system—sufficiency of findings of fact**

The trial court's order granting summary judgment regarding defendant's alleged tampering with plaintiff's public sanitary sewer system in violation of Code § 23-1 is reversed, and the case is remanded for more findings of fact, because: (1) if findings of fact are necessary to resolve an issue of material fact, summary judgment is improper; and (2) although plaintiff's director of inspections inspected defendant's facility and determined the original feed connecting plaintiff's water to defendant's cooling tower had been disconnected, the director's deposition does not provide all the facts and requires findings of fact to determine the process for disconnecting the original feed.

Appeal by defendant from judgment and order entered 16 February 2005 by Judge Gary L. Locklear in Robeson County Superior Court. Heard in the Court of Appeals 21 February 2006.

*Bailey & Dixon, L.L.P., by Charles F. McDarris for plaintiff-appellee.*

*The Brough Law Firm, by Robert E. Hornik, Jr. for defendant-appellant.*

CALABRIA, Judge.

United States Cold Storage, Inc. ("defendant") appeals an order granting summary judgment for breach of contract and violation of the City of Lumberton's ("plaintiff") water and sewer regulations. We affirm in part and reverse and remand in part.

Defendant, a New Jersey corporation, owns one hundred and thirty two (132) acres of land in Robeson County, North Carolina, outside plaintiff's corporate limits where it built and operates a commercial cold storage/refrigeration facility for meat and produce. In June of 1987, the parties entered into a water and sanitary sewer service contract ("the contract"). Plaintiff agreed to install and provide

water and sanitary sewer services to defendant. The plaintiff further agreed to reserve one hundred fifty thousand (150,000) gallons per day for defendant's water and sanitary sewer needs for a five-year period. Defendant agreed to pay plaintiff the applicable rate required by Chapter 23 of the City of Lumberton's Code of Ordinances ("Code") for water and sanitary sewer usage. The contract included a provision stating any modification of the contract must be in writing and signed by both parties.

Subsequent to the contract, disputes arose regarding the amount of water actually used versus the amount of water that evaporated during the refrigeration process, the applicable rates required by the Code, and the billing method used by the plaintiff. As a result of billing errors from 1988 to 1995, plaintiff's bill never included sewer service. The estimated total due was approximately $250,000. As a result, the parties agreed new water meters were needed to measure the amount of water passing through the pipes to the cooling towers ("towers"). The meters were installed and the amount of water entering the towers was deducted from the total amount of water entering defendant's facility. The sewer rate was calculated on this reduced amount of water. This "negotiated" billing method proceeded from 1995 until 1999. In 1999, defendant drilled a well on its property to supply water to its towers. Afterwards, defendant applied for and was issued a permit. No well records exist from 1999 to December 2001.

On 4 February 2000, defendant filed suit in federal district court alleging, *inter alia*, plaintiff retaliated against defendant for exercising its First Amendment rights by threatening to discontinue water, sewer, and fire protection services and breached the contract by not calculating defendant's sewer bill in accordance with a "negotiated" billing method. Judge James C. Fox ("Judge Fox") determined plaintiff did not violate defendant's First Amendment rights and further, did not breach their "negotiated" billing method. The Fourth Circuit Court of Appeals affirmed.

On 1 February 2002, plaintiff filed a complaint in Robeson County Superior Court alleging breach of contract and violation of multiple Code ordinances. On 5 April 2002, defendant filed an answer asserting eight affirmative defenses as well as several counterclaims. On 3 May 2002, plaintiff filed a response to defendant's counterclaims. Both parties filed motions for summary judgment.

On 16 February 2005, the trial court granted plaintiff's motion for summary judgment and denied defendant's motion for summary judg-

ment. Specifically, the trial court ordered defendant to pay plaintiff the following: $208,067.02 for unpaid utility fees from 1 February 1999 to 31 December 2001; $51,888.96 for sewer usage and $31,658.94 for water usage from 1 January 2002 to 30 June 2003 using the "water in/sewer out" formula. The court also ordered an undetermined amount for both water and sewer usage by applying a formula. Specifically, the court ordered "subsequent to June 30, 2003 and for all future billings" apply the water or sewer rate "to the cumulative total of the water supplied by [plaintiff] at the end of the monthly billing cycle plus [defendant's] well water, as measured by the water meter reading maintained by [defendant]." Defendant appeals.

## I. *Summary Judgment Standard:*

Summary judgment is appropriate and "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). "In deciding the motion, all inferences of fact . . . must be drawn against the movant and in favor of the party opposing the motion." *Purvis v. Moses H. Cone Mem'l Hosp.*, 175 N.C. App. 474, 476, 624 S.E.2d 380, 383 (2006) (citations omitted). "The party moving for summary judgment has the burden of establishing the lack of any triable issue." *Id.* The movant carries this burden "by proving that an essential element of the opposing party's claim is nonexistent or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim." *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 29, 209 S.E.2d 795, 798 (1974). "A trial court's ruling on a motion for summary judgment is reviewed *de novo* as the trial court rules only on questions of law." *Coastal Plains Utils., Inc. v. New Hanover Cty.*, 166 N.C. App. 333, 340-41, 601 S.E.2d 915, 920 (2004).

## II. *Breach of Contract:*

**[1]** Defendant first argues plaintiff breached the 1987 agreement and exceeded its statutory authority by charging defendant for water and sanitary sewer service plaintiff never furnished. Specifically, defendant contends plaintiff <u>cannot</u> <u>charge</u> defendant the following: any amount for water defendant draws from its well; tens of thousands of dollars for sewer service based upon a volume of water which evaporates rather than enters plaintiff's sewer system; and, for water and sewer services based upon "historical use" rather than actual use.

We first address plaintiff's assertion that the doctrine of *res judicata* in the federal court action prohibit defendant's appeal in state court. Plaintiff contends the issue of whether the City Code is applicable to and/or enforceable against defendant has already been litigated and thus constitutes a final decision. We agree to the extent applicable to defendant's claims regarding sewer usage.

" 'Under the doctrine of *res judicata,* a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the *same claim* between the same parties or those in privity with them.' " *Nicholson v. Jackson Cty. Sch. Bd.,* 170 N.C. App. 650, 654, 614 S.E.2d 319, 322 (2005) (emphasis added) (quoting *Bockweg v. Anderson,* 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993)). *Res judicata* requires "(1) a final judgment on the merits in an earlier lawsuit; (2) an identity of the cause of action in the prior suit and the later suit; and (3) an identity of parties or their privies in both suits." *Id.* (citations omitted). "A final judgment [in a prior action] bars not only all matters actually determined or litigated in the prior proceeding, but also all relevant and material matters within the scope of the proceeding which the parties, in the exercise of reasonable diligence, could and should have brought forward for determination." *Skinner v. Quintiles Transnational Corp.,* 167 N.C. App. 478, 482, 606 S.E.2d 191, 193-94 (2004). This common law rule against claim-splitting is well-established in North Carolina and holds that "all damages incurred as the result of a single wrong must be recovered in one lawsuit." *Bockweg,* 333 N.C. at 492, 428 S.E.2d at 161 (emphasis omitted).

In short, a party may not file suit seeking relief for a wrong under one legal theory and, then, after that theory fails, seek relief for the same wrong under a different legal theory in a second legal proceeding. This is precisely what Cold Storage has done in this case with respect to the billing for sewage services.

Judge Fox's decision states: "In its second claim for relief, Cold Storage alleges that the City of Lumberton has breached its contract for water services by no longer calculating Cold Storage's sewer bill based on the methodology agreed to by the parties and employed by the City's utility billing department since September 1995." *United States Cold Storage, Inc. v. City of Lumberton,* 2001 WL 34149709 (E.D.N.C. August 29, 2001, at *15). Therefore, Cold Storage argued in federal court primarily that the parties had modified the terms of the 1987 Agreement; the rejection of this contention was the primary focus of Judge Fox's decision.

CITY OF LUMBERTON v. U.S. COLD STORAGE, INC.

[178 N.C. App. 305 (2006)]

In this lawsuit, Cold Storage again challenges the City's billing regarding sewage services under the same contract and for the same time period involved in the federal action, but instead relies upon a different legal theory: that the parties in the 1987 agreement did not intend to provide for a water in/sewer out billing method. Cold Storage has not, however, provided any explanation why it could not "in the exercise of reasonable diligence" have pursued this theory in the federal court action. *Skinner*, 167 N.C. App. at 482, 606 S.E.2d at 193. In fact, Judge Fox's quotation from Cold Storage's summary judgment brief filed in federal court suggests that Cold Storage at least asserted this theory: "Cold Storage states that it 'does not dispute what the language of the 1987 Agreement is' but *'does dispute what was intended by the parties in 1987* and submits that Lumberton's conduct from 1988 when the Facility opened through March of 1999 reflected that Lumberton's intent during that period was other than what it now claims to be.' " *Cold Storage*, at \*15-16 (emphasis added.)

We can perceive no reason why Cold Storage should be given two bites at the apple with respect to the question of sewage services billing. Judge Fox ultimately dismissed Cold Storage's claim for relief based on alleged improper billing for sewage services on the following basis: "Following seven years of no sewage bills at all and four years of a preferential billing arrangement in 1999, the City of Lumberton began billing Cold Storage according to the method set forth in the parties' written agreement which is the method required by city law. The City's decision to bill Cold Storage for sewage service according to the water in/sewer out method does not constitute a breach of the parties' agreement." *Id.* at \*19. This final decision precludes Cold Storage's arguments in this case regarding the same billing. *Skinner*, 167 N.C. App. at 483, 606 S.E.2d at 194 (holding that a claim filed in state court was barred by *res judicata* arising from a judgment in federal court even though the plaintiff had "brought claims under two different statutes," when those "claims stem from the same relevant conduct by defendant"). Thus, we overrule all of defendant's assignments of error pertaining to sewer usage.

A. *Well-Water*:

[2] We next address whether plaintiff can charge defendant any amount for water defendant draws from its well. Defendant argues neither the contract nor any statutory command grants plaintiff such authority. We agree.

**CITY OF LUMBERTON v. U.S. COLD STORAGE, INC.**

[178 N.C. App. 305 (2006)]

"Statutory interpretation properly begins with an examination of the plain words of the statute." *Three Guys Real Estate v. Harnett County*, 345 N.C. 468, 472, 480 S.E.2d 681, 683 (1997). Consequently, "[w]here the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." *Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990); *see also In re Robinson*, 172 N.C. App. 272, 274, 615 S.E.2d 884, 886 (2005) (stating when statutory language is transparent "courts . . . are without power to interpolate, or superimpose, provisions and limitations not contained therein"). Consequently, the statute "must be given effect and its clear meaning may not be evaded by an administrative body or a court under the guise of construction." *Utilities Comm. v. Edmisten*, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977). Lastly, " '[t]he canons of statutory construction apply to the interpretation of an ordinance. . . .' " *Morris Communications Corp. v. Bd. of Adjust. of Gastonia*, 159 N.C. App. 598, 601, 583 S.E.2d 419, 421 (2003), *reh'g denied*, 358 N.C. 155, 592 S.E.2d 690 (2004) (quoting *Moore v. Bd. of Adjust. of City of Kinston*, 113 N.C. App. 181, 182, 437 S.E.2d 536, 537 (1993)).

N.C. Gen. Stat. § 160A-176 (2005) states "[a]*ny city ordinance may be made effective* on and to property and rights-of-way belonging to the city and *located outside the corporate limits*." (emphasis added). Plaintiff's Charter provides "[a]ny and all *ordinances* adopted by the city . . . shall apply to the territory within the corporate limits . . . and . . . *shall also apply to* the *territory* within *one mile beyond* said *limits* in every direction, *unless in the ordinance it is otherwise provided*." Lumberton City Charter, art. II, § 8(b) (emphasis added). Code § 23-22(a) and (b) state, in pertinent part, "[a]n owner of a residence, place of business, or other improved property *within this city* shall connect his water system to the water system of the city[.]" (emphasis added). Further, Code § 23-22(d), as amended by Ordinance 1759, states "the *provisions of this section* shall allow the use of water from wells for industrial . . . purposes[.]" (emphasis added).

In the instant case and pursuant to the contract, defendant granted plaintiff certain easements and thus, through application of N.C. Gen. Stat. § 160A-176, *supra*, plaintiff's Codes "may be made effective on rights of way," provided the wording of the ordinance permits such an application. However, the plain meaning of Code § 23-22(a),(b), and (d) is that each provision is applicable and

enforceable to a business as long as the business is within the city limits of Lumberton. Had plaintiff sought to extend the jurisdictional reach of these Code provisions beyond the city limits, simple language to that effect could have been written. Absent such necessary language, Code § 23-22(a), (b), and (d) are only enforceable against businesses located within the city limits of Lumberton. Defendant's facility is located outside the city limits and therefore, these Code provisions do not apply to defendant's business. Consequently, since no provision in the contract and moreover, no statutory authority, including Code § 23-22, exists enabling plaintiff to assess any fee for water defendant draws from its own well, we reverse that portion of the trial court's order charging defendant $31,658.94 for the cumulative total of well and city water used from 1 January 2002 to 30 June 2003. Similarly, we reverse that part of the trial court's order permitting plaintiff to charge defendant for any well water subsequent to 30 June 2003. On remand, the trial court must determine the amount of city water consumed by defendant from 1 January 2002 to 30 June 2003 and calculate, based on the applicable rate for that time period, the correct amount defendant owes plaintiff.

B. *Historical Use*:

[3] We next address whether plaintiff may charge defendant for water usage under a "historical use" billing method from February 1999 to January 2002. Defendant argues neither the contract nor any statutory authority permits plaintiff to charge such an amount.

We already determined plaintiff cannot charge defendant for well water usage. Further, during this time period, a water usage charge could be assessed for any water furnished to defendant by plaintiff. The trial court found as fact that from 1 February 1999 to 31 December 2001 a portion of the $208,067.02 unpaid utility fee due plaintiff was based upon "historical water usage." The trial court reasoned "[w]ith the absence of evidence from [defendant] to contradict that amount, the [c]ourt finds that method of calculation used by [plaintiff] is proper[.]" However, because this "historical water usage" billing method applied to both well and city water, and plaintiff incorrectly charged defendant for well water usage, a portion of the judgment for the $208,067.02 utility fee based upon "historical use" is inaccurate. Therefore, we reverse that part of the judgment requiring defendant to pay $208,067.02 since the total utility fee was calculated in part from charges this Court determined do not apply to the defendant. On remand, the trial court must calculate the utility fee

less the amount of well water defendant used from February 1996 to January 2002.

III. *Ordinance 1759/Code 23-22(d)*:

[4] Defendant argues plaintiff's application of Code § 23-22(d), as amended by Ordinance 1759, violates both N.C. Gen. Stat. § 160A-174 and the North Carolina Constitution. Because we previously determined Code § 23-22(a) through (d) did not apply to defendant, we need not reach the merits of this question.

IV. *Other Violations of the Code*:

[5] Lastly, defendant argues there is no basis for determining any Code sections were violated. Specifically, defendant contends there is no evidence of tampering with plaintiff's public sanitary sewer system in violation of Code § 23-1 and plaintiff argues defendant "violated Code § 23-1 by illegally tampering with the water facilities and connections maintained by the City."

"It should be emphasized that in ruling on a motion for summary judgment the court *does not resolve issues of fact* and must deny the motion if there is any issue of genuine material fact." *Singleton v. Stewart*, 280 N.C. 460, 464, 186 S.E.2d 400, 403 (1972) (citations omitted) (emphasis added). Thus, " '[i]f findings of fact are necessary to resolve an issue of material fact, summary judgment is improper.' " *Prior v. Pruett*, 143 N.C. App. 612, 617, 550 S.E.2d 166, 170 (2001)).

Code § 23-1 states "[n]o unauthorized person shall tamper with, obstruct, rearrange or interfere in any manner with any . . . water meter or water connection on which city water pressure is maintained, or with any sewer connection[.]" Jody Allen ("Allen"), plaintiff's Director of Inspections, inspected defendant's facility and determined the original feed connecting plaintiff's water to defendant's cooling tower had been disconnected. Allen's deposition, however, does not provide all the facts and requires findings of fact to determine the process for disconnecting the original feed. Genuine issues of material fact exist as to whether defendant violated Code § 23-1. Consequently, we remand to the trial court for more findings of fact regarding defendant's alleged breach of Code § 23-1. As to the other alleged Code violations, we previously determined Code § 23-22 was not applicable to defendant and thus, there can be no violation by defendant of its provisions. Further, we reviewed the record carefully and do not find defendant violated §§ 23-47, 67, or 82.

V. *Conclusion:*

In sum, we reverse the trial court's order granting summary judgment to plaintiff regarding charges for well water use as well as employing a "historical usage" billing method to well water use, and defendant's violation of Code § 23-1. We affirm that part of the trial court order granting summary judgment to plaintiff regarding charges for water use (from the city only). Additionally, defendant's claims regarding sewer usage are precluded by the doctrine of *res judicata*.

Affirmed in part and reversed and remanded in part.

Judges McGEE and GEER concur.