STATE OF NORTH CAROLINA
v.
GARY NEAVE HOLLARS, Defendant,
BRADSHAW BAIL BONDING COMPANY/RANGER INSURANCE COMPANY, Surety, and WATAUGA COUNTY BOARD OF EDUCATION, Judgment Creditor.
No. COA08-706
Court of Appeals of North Carolina
Filed March 17, 2009
This case not for publication
Miller & Johnson, PLLC by Nathan A. Miller for judgment-creditor-appellant.
Hedrick Kepley, PLLC by Jeffery M. Hedrick and Michael P. Kepley for surety-appellee.
CALABRIA, Judge.
Watauga County Board of Education ("BOE") appeals the trial court's order granting the surety's motion for relief from a final judgment of bond forfeiture of Gary Neave Hollars ("defendant"). We affirm.
On 9 October 2003, the Watauga County Magistrate issued warrants for defendant's arrest on drug related charges. On 14 October 2003, defendant was released on bond provided by Bradshaw Bail Bonding Company/Ranger Insurance Company ("the surety"). Defendant failed to appear at his hearing on 19 November 2003 and judgment of forfeiture was entered the same day. Prior to the entry of the judgment of forfeiture, the surety discovered defendant was incarcerated in a Johnson County, Tennessee jail for similar charges.
On 20 November 2003, a bond forfeiture notice was issued. The surety moved to set aside the bond forfeiture on the basis that defendant had been surrendered to Tennessee law enforcement. The BOE objected to the motion. On 24 June 2004, the trial court concluded the surety did not satisfy the requirements of N.C. Gen. Stat. §§ 15A-544.5(3) and 15A-540(b) by surrendering defendant to a Tennessee custodian instead of a North Carolina sheriff. Therefore, the trial court denied the motion to set aside the order of forfeiture and decreed it a final judgment. The trial court also stayed execution on the bond forfeiture judgment for thirty days. The surety appealed the order denying the motion to set aside the bond forfeiture.
On 17 August 2004, the trial court stayed execution of the judgment of bond forfeiture until final resolution or dismissal of the surety's appeal. The Court of Appeals affirmed the trial court's denial of the surety's motion to set aside the bond forfeiture on 7 March 2006. State v. Hollars, 176 N.C. App. 571, 626 S.E.2d 850 (2006).
On 8 August 2007, the surety filed a motion for relief from final judgment of forfeiture under N.C. Gen. Stat. § 15A-544.8(b)(2) (2007). The BOE filed a motion to dismiss the motion for relief from final judgment, arguing the surety failed to schedule the hearing in reasonable time, the three-year statute of limitations had run, and the surety's motion was barred by res judicata. On 6 March 2008, the trial court granted the surety's motion for relief and denied the BOE's motion to dismiss the surety's motion for relief from final judgment.[1] The BOE appeals.

I. Motion for Relief from Forfeiture
The BOE argues the trial court erred in granting the surety's motion because the surety did not show extraordinary circumstances entitling it to relief from final judgment. We disagree.
The standard of review of an order granting relief under N.C. Gen. Stat. § 15A-544.8 is abuse of discretion.[2]State v. Edwards, 172 N.C. App. 821, 825, 616 S.E.2d 634, 636 (2005). "A trial court may be reversed for abuse of discretion only upon a showing that [its ruling] was so arbitrary that it could not have been the result of a reasoned decision." State v. Escobar, 187 N.C. App. 267, 271, 652 S.E.2d 694, 698 (2007) (quoting White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985))(internal quotation marks omitted). "A determination by our Court of whether circumstances are extraordinary [so as to warrant relief from a bond forfeiture] is a heavily fact-based inquiry and therefore, should be reviewed on a case by case basis." State v. Gonzalez-Fernandez, 170 N.C. App. 45, 50, 612 S.E.2d 148, 152 (2005) (citation and internal quotation marks omitted).
In determining whether a forfeited bond may be remitted for extraordinary cause, courts consider the following factors: [(1)] the inconvenience and cost to the state and the courts; [(2)] the diligence of sureties in staying abreast of the defendant's whereabouts prior to the date of appearance and in searching for the defendant; [(3)] in cases where the defendant has died, the surety's diligence in obtaining information of the defendant's death; [(4)] the risk assumed by the sureties; and [(5)] the surety's status, be it private or professional.
Escobar, 187 N.C. App. at 272, 652 S.E.2d at 698 (quotation omitted) (internal brackets and ellipses omitted). "[D]iligence alone will not constitute extraordinary circumstances" warranting relief from final judgment of bail bond forfeiture, because "due diligence by a surety is expected." Edwards, 172 N.C. App. at 827, 616 S.E.2d at 637 (citation and internal quotation marks omitted). Where a surety's efforts result in the defendant's detention, it meets the goal of the bonding system. State v. Locklear, 42 N.C. App. 486, 489, 256 S.E.2d 830, 832 (1979) (affirming trial court's grant of motion for relief from bond forfeiture, where surety's efforts led to location of defendant and later detention); Gonzalez-Fernandez, 170 N.C. App. at 50, 612 S.E.2d at 152 ("[T]heforemost goal of the bond system is the production of the defendant in court.").
The BOE did not assign error to any of the trial court's findings of fact. "If unchallenged on appeal, findings of fact are deemed supported by competent evidence and are binding upon this Court." In re J.M.W., E.S.J.W., 179 N.C. App. 788, 792, 635 S.E.2d 916, 919 (2006) (internal quotation marks omitted) (citation omitted). The trial court found the surety acted diligently, the defendant was located through the surety's efforts, and because defendant was continuously incarcerated in Tennessee the surety was physically unable to return him to the custody of the Watauga County Sheriff. The surety also presented evidence showing that the surety notified Watauga County Sheriff's Department of defendant's detainment resulting in a hold being placed on defendant so he was unable to post bond in Tennessee. Defendant ultimately was returned on a waiver of extradition and later convicted.
We conclude the trial court's decision to grant relief from bond forfeiture on the grounds of extraordinary cause was not so arbitrary that it was unsupported by reason. Escobar, 187 N.C. App. at 271, 652 S.E.2d at 698. This Court has affirmed similar orders granting relief from forfeiture on extraordinary cause where a surety's efforts resulted in location of the defendant, even if those efforts were not dramatic. See Locklear, 42 N.C. App. at 488-89, 256 S.E.2d at 832 (where efforts of surety, although not leading to defendant's arrest, resulted in preventing defendant from making bond and being available for trial, amounted to extraordinary cause); State v. Fonville, 72 N.C. App. 527, 529, 325 S.E.2d 258, 259 (1985) (extraordinary cause to grant relief from forfeiture where although surety's efforts were not dramatic, they led to defendant's appearance in court). This assignment of error is overruled.

II. Motion to Dismiss
The BOE next argues the motion to dismiss the surety's motion for relief from bond forfeiture should have been granted because (1) the hearing on the motion for relief from judgment was not scheduled within a reasonable time as required by N.C. Gen. Stat. § 15A-544.8(c) (2007); (2) the surety filed his motion outside the three-year time limitation in N.C. Gen. Stat. § 15A-544.8(c)(1) (2007); and (3) the motion was barred by res judicata.

A. Reasonable Time
N.C. Gen. Stat. § 15A-544.8(c) delineates the procedure for obtaining relief from a final judgment from forfeiture. The statute provides: "[a] hearing on the motion shall be scheduled within a reasonable time in the trial division in which the defendant was bonded to appear." N.C. Gen. Stat. § 15A-544.8(c)(3) (2007).
The BOE cites to another section of chapter 15A to support its argument.[3] In particular, N.C. Gen. Stat. § 15A-544.5(d)(5)provides that objections to a surety's motion to set aside forfeiture must be heard within thirty days of filing an objection. The thirty-day time frame specifically applies to objections to motions to set aside bond forfeitures. Id.
The legislature did not set forth a specific time frame to calendar motions for relief from final judgment of forfeiture, other than "within a reasonable time." N.C. Gen. Stat. § 15A-544.8(c)(3). "If a statute contains a definition of a word used therein, that definition controls, but nothing else appearing, words must be given their common and ordinary meaning." Knight Publ'g Co. v. Charlotte-Mecklenburg Hosp. Auth., 172 N.C. App. 486, 492, 616 S.E.2d 602, 607 (2005) (internal quotation marks and brackets omitted) (citation omitted). The ordinary meaning of "reasonable" in this context is "not extreme" or "not excessive." Webster's Third New International Dictionary of the English Language Unabridged 1892 (1976).
In the instant case, the surety filed its motion for relief from final judgment on 8 August 2007. A hearing was held almost six months later, on 4 February 2008. Under these circumstances, we conclude that six months is not an excessive time frame for scheduling the hearing. The trial court expressly found the hearing was scheduled within a reasonable time given the complexity of the case and schedules of the parties' attorneys. Furthermore, the BOE has not alleged any prejudice caused by the six-month time period and we discern none from the record. We conclude the trial court did not err in denying the BOE's motion to dismiss on this basis. This assignment of error is overruled.

B. Three-year limitation
The BOE next argues the surety's motion should have been dismissed because the surety failed to file the motion within three years after the date the judgment became final. We disagree.
N.C. Gen. Stat. § 15A-544.8(c)(1) authorizes the surety to make a written motion for relief under this section "[a]t any time before the expiration of three years after the date on which a judgment of forfeiture became final."
A forfeiture entered under G.S. 15A-544.3 becomes a final judgment of forfeiture without further action by the court and may be enforced under G.S. 15A-544.7, on the one hundred fiftieth day after notice is given under G.S. 15A-544.4, if:
(1) No order setting aside the forfeiture under G.S. 15A-544.5 is entered on or before that date; and
(2) No motion to set aside the forfeiture is pending on that date.
N.C. Gen. Stat. § 15A-544.6 (2007).
Here, notice of bond forfeiture was given on 20 November 2003. The bond forfeiture notice designated the final judgment date as 18 April 2004. A motion to set aside the bond forfeiture was pending on 14 April 2004. On 24 June 2004, the trial court denied the surety's motion to set aside the order of forfeiture. The June order stated that the bond forfeiture "is now a Final Judgement [sic] of Forfeiture, effective immediately." However, the order also stated "Execution on the Final Judgement [sic] of Forfeitureis stayed for thirty days . . . ." On 23 July 2004, the surety filed its notice of appeal of the June order.
When a party appeals from an order denying a motion to set aside a bond forfeiture, N.C. Gen. Stat. § 15A-544.5(h) authorizes the trial court to "stay the effectiveness of the order on any conditions the court considers appropriate."
On 17 August 2004, the trial court stayed execution of the 24 June 2004 order "until final resolution or dismissal of the Surety's pending appeal[.]" The surety's pending appeal was resolved on 7 March 2006.
"[A] bond forfeiture proceeding, while ancillary to the underlying criminal proceeding, is a civil matter." State ex rel. Moore Cty. Bd. of Educ. v. Pelletier, 168 N.C. App. 218, 222, 606 S.E.2d 907, 909 (2005) (holding board of education properly proceeded under the rules of civil procedure in seeking a new trial); see also N.C. Gen. Stat. § 15A-544.5(h) (appeal from an order on a motion to set aside a forfeiture is "the same as provided for appeals in civil actions").
The general rule is that an injunction or stay restraining a judgment creditor from enforcing his or her judgment operates to toll the statute of limitations during the period of time the stay or injunction is effective. 46 Am. Jur. 2d Judgments § 425 (2008); see also N.C. Gen. Stat. § 1-23 (2007) (time of continuance of injunction or prohibition is not part of time limited for commencement of action). Since the BOE was restrained or prohibited from enforcing the judgment by the trial court's stay of execution until the appeal was resolved, the statute of limitations was tolled during that time period. The surety timely filed its motion for relief from judgment. This assignment of error is overruled.

C. Res Judicata

The BOE finally contends that the trial court erred in denying its motion to dismiss because the surety's motion for relief was barred by res judicata. We disagree.
"Under the doctrine of res judicata, a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them." Nicholson v. Jackson Cty. School Bd., 170 N.C. App. 650, 654, 614 S.E.2d 319, 322 (2005) (quoting Bockweg v. Anderson, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993)).
[T]o successfully assert the doctrine of res judicata, a [party] must prove the following essential elements: (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits.
Caswell Realty Assoc. v. Andrews Co., 128 N.C. App. 716, 720, 496 S.E.2d 607, 610 (1998) (citation omitted).
Res judicata does not apply in the instant case because the trial court decided a different cause of action in ruling on the motion for relief from bond forfeiture. The issue on the motion for relief was whether the surety presented evidence of extraordinary circumstances justifying relief from the order on bond forfeiture. N.C. Gen. Stat. § 15A-544.8(b)(2) (2007). This legal issue is different from the issue before the court on the motion to set aside the forfeiture, which was whether one of the statutory reasons to set aside the forfeiture under N.C. Gen. Stat. § 15A-544.5(b) applied.
The BOE cites State v. Evans, 166 N.C. App. 432, 601 S.E.2d 877 (2004) in support of its argument. We find this case distinguishable. In Evans, the surety appealed the trial court's denial of his motion for relief from bond forfeiture. Id. at 432, 601 S.E.2d at 878. The surety argued the trial court should have set aside the bond forfeiture because the surety met the requirements of N.C. Gen. Stat. § 15A-544.5(b)(3). Id. at 434, 601 S.E.2d 878. This Court determined the surety's motion for relief was an attempt to "re-capitulate to the trial court arguments concerning the alleged fulfilment of one of the statutory events which would mandate the setting aside of a forfeiture after those arguments were rejected and the motion was denied[.]" Id. Accordingly, the surety's failure to appeal the order denying his motion to set aside the bond forfeiture precluded review on the merits of the statutory grounds under N.C. Gen. Stat. § 15A-544.5(b)(3). Id. at 435, 601 S.E.2d at 879. In the instant case, the surety's argument on his motion for relief was exclusive of the statutory requirements of N.C. Gen. Stat. § 15A-544.5(b)(3). The trial court did not err in denying the motion to dismiss on the grounds of res judicata.
Affirmed.
Judges STEELMAN and STROUD concur.
Report per Rule 30(e).
NOTES
[1] The order concluded as a matter of law that the BOE was "not entitled to have the Surety's present motion dismissed," although the BOE's motion to dismiss was not mentioned in its decretal paragraph.
[2] We note that the BOE did not include the standard of review as required by N.C. R. App. P. Rule 28 (b)(6) (2007) for any of the questions presented. Since this is appellant's only rule violation, we conclude it is neither gross nor substantial and sanctions are not warranted. Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co., 362 N.C. 191, 200, 657 S.E.2d 361, 367 (2008).
[3] The BOE cites to "N.C. Gen. Stat. § 15A-54.5(d)(4)" in its brief. No such citation exists. It is apparent from the BOE's argument that it intended to cite N.C. Gen. Stat. § 15A-544.5(d)(5).