NO. COA13-464

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

HRISTOS BASMAS and MARIA BASMAS,

    Plaintiffs,

    v.                                        Iredell County
                                             No. 12 CVS 1684
WELLS FARGO BANK NATIONAL
ASSOCIATION, CARRINGTON MORTGAGE
SERVICES, LLC AND NATIONWIDE
TRUSTEE SERVICES, INC., as
Substitute Trustee,

    Defendants.

    Appeal by plaintiffs from order entered 5 December 2012 by Judge Hugh B. Lewis in Iredell County Superior Court. Heard in the Court of Appeals 11 August 2014.

    *Elliott Law Firm, PC, by Michael K. Elliott for plaintiff-appellants.*

    *RCO Legal, P.S., by Susan B. Shaw, for defendant-appellee.*

    STEELMAN, Judge.

    The effect of plaintiffs' discharge in bankruptcy on foreclosure proceedings was not preserved for appellate review. The trial court's order allowing foreclosure is affirmed.

<u>I. Factual and Procedural Background</u>

    On 29 September 2006 Hristos and Maria Basmas (plaintiffs) borrowed $304,056.00 from New Century Mortgage Corporation for

the purpose of purchasing residential property located in Iredell County, North Carolina. The loan was secured by a deed of trust on plaintiffs' property, which was recorded in the Iredell County Registry of Deeds. On 19 December 2006, the loan was sold to Wells Fargo (defendant). In conjunction with the sale of the loan, the original Note was "indorsed in blank by New Century" and transferred to Wells Fargo, with Deutsche Bank being the custodian of the original Note for Wells Fargo.

In 2009 plaintiffs became delinquent in their mortgage payments; they failed to make the payment due on 1 March 2009, and have made no payments towards their debt since that time. On 9 September 2010 the substitute trustee filed a petition in Iredell County case No. 10 SP 1503, seeking to foreclose on the note and deed of trust. On 6 September 2011 the Iredell County Clerk of Court entered an order allowing defendant to proceed with foreclosure. Plaintiffs appealed to the Superior Court of Iredell County, and on 2 November 2011 Judge Theodore S. Royster, Jr., entered an order stating in relevant part that:

> 1. On or about September 29, 2006, a Promissory Note ('the Note') was executed in favor of New Century Mortgage Corporation in the principal sum of $304,056 which Note was secured by a Deed of Trust on real estate located in Iredell County, North Carolina, and recorded in . . . the Iredell County Registry.

2. The Respondents did not produce an original Indorsement of the Note, nor a copy of the Indorsed Note.

3. The Respondent claims to be the holder of the Note.

4. Since the Respondent failed to produce sufficient competent evidence of Indorsement of the Note, . . . at the time of this hearing the Respondent does not qualify as the 'holder' under the North Carolina Uniform Commercial Code, and is thus not the 'holder' of the Promissory Note as the term is used in N.C.G.S. § 45-21-16 for foreclosures under power of sale.

Judge Royster concluded that "[t]he Respondent has failed to prove that it is the owner and holder of a valid indebtedness of [plaintiffs] as required pursuant to N.C.G.S. 45-21.16(d) and therefore cannot foreclose on the subject property under the current case (10-SP-1503)." The court ordered that the "Order of Sale entered by the Iredell Clerk of Court on September 6, 2011 is hereby vacated" and that the substitute trustee "shall not proceed under the current case (10-SP-1503) with any foreclosure of the real estate described in that certain Deed of Trust recorded in Book 1789, Page 2079 in the Iredell County Public Registry."

On 14 March 2012 defendant filed a new petition, in Iredell County case No. 12 SP 292, seeking to foreclose on the note and deed of trust. On 10 July 2012 plaintiffs filed a complaint in the instant case, seeking a permanent injunction barring

foreclosure, a declaratory judgment that foreclosure was barred by the doctrine of *res judicata* on the basis of Judge Royster's order, and alleging claims for abuse of process, unfair and deceptive trade practices, and misrepresentation. A hearing was conducted on 5 November 2012 before the trial court and on 5 December 2012 the court denied plaintiffs' claim for declaratory judgment in an order that stated in relevant part:

> [This matter] came on for hearing . . . on Plaintiffs' motion for declaratory judgment that the doctrine of *res judicata* bars the Defendants from pursuing foreclosure in . . . Iredell County, N.C., 12-SP-0292 . . . or any other subsequent foreclosure proceeding. Having considered the briefs, supporting affidavits, and case law submitted by the parties . . . the Court hereby finds and concludes as follows:
>
> 1. Since November 2011, no payment has been made by the Plaintiffs under that certain adjustable rate promissory note . . . secured by the deed of trust . . . that is the subject of the current foreclosure [proceeding] and the loan . . . is, accordingly, in default at this time;
>
> 2. Subsequent to the entry by Judge Theodore S. Royster, Jr. on November 2, 2011 of the order vacating the . . . order of foreclosure entered by the Iredell County Clerk of Court in [10-SP-1503] . . . Defendant Wells Fargo obtained physical possession of the original Note (with an original blank indorsement by New Century Mortgage Corporation, the original Lender, affixed thereon), which Note was presented to the Court at the November 5th hearing;
>
> . . .

4. New facts have occurred since Judge Royster's November 2, 2011 order in the initial foreclosure [proceeding], by way of subsequent default and Defendants' presentation of the original Note (with an original blank indorsement by New Century Mortgage Corporation, the original Lender, affixed thereon), creating a change in circumstances that would preclude any *res judicata* effect of said order upon the current foreclosure [proceeding] and/or any other subsequent foreclosure proceeding;

5. Issues as to the *res judicata* effect, if any, upon past due moneys owed by the Plaintiffs upon the Note shall remain pending as the Court, by the entry of this Order, is not determining such issues at this point in time and such issues are hereby reserved for a later date, if so necessary.

The order denied plaintiffs' claim for declaratory judgment and ruled that plaintiffs' "other prayers for relief are hereby deemed to be moot[.]"

Plaintiffs appeal.

## II. Standard of Review

"Our standard of review of a declaratory judgment is the same as in other cases. N.C. Gen. Stat. § 1-258[.]" *Calhoun v. WHA Med. Clinic, PLLC*, 178 N.C. App. 585, 596, 632 S.E.2d 563, 571 (2006). "'The standard of review in declaratory judgment actions where the trial court decides questions of fact is whether the trial court's findings are supported by any competent evidence. Where the findings are supported by

competent evidence, the trial court's findings of fact are conclusive on appeal.'" *Cross v. Capital Transaction Grp., Inc.*, 191 N.C. App. 115, 117, 661 S.E.2d 778, 780 (2008) (quoting *Lineberger v. N.C. Dep't of Corr.*, 189 N.C. App. 1, 7, 657 S.E.2d 673, 678, *affirmed in part, review improvidently granted in part on other grounds*, 362 N.C. 675, 669 S.E.2d 320 (2008)). Findings of fact not challenged on appeal are binding on this Court. *Johnson v. Herbie's Place*, 157 N.C. App. 168, 180, 579 S.E.2d 110, 118 (2003). "'However, the trial court's conclusions of law are reviewable *de novo*.'" *Cross*, 191 N.C. App. at 117, 661 S.E.2d at 780 (quoting *Browning v. Helff*, 136 N.C. App. 420, 423, 524 S.E.2d 95, 98 (2000)).

## III. Doctrine of *Res Judicata*

Plaintiffs' primary argument is that Judge Royster's entry of an order vacating defendant's first foreclosure action barred the subsequent foreclosure action under the doctrine of *res judicata*. "'Under the doctrine of *res judicata*, a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them.' The essential elements of *res judicata* are: (1) a final judgment on the merits in an earlier lawsuit; (2) an identity of the cause of action in the prior suit and the later suit; and (3) an

identity of parties or their privies in both suits. 'When a court of competent jurisdiction has reached a decision on facts in issue, neither of the parties are allowed to call that decision into question and have it tried again.'" *Nicholson v. Jackson Cty. School Bd.*, 170 N.C. App. 650, 654-55, 614 S.E.2d 319, 322 (2005) (quoting *Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993), and *Green v. Dixon*, 137 N.C. App. 305, 308, 528 S.E.2d 51, 53 (2000) (other citations omitted).

However, "[i]t is well settled that the estoppel of a judgment extends only to the facts in issue as they existed at the time the judgment was rendered, and does not prevent a re-examination of the same questions between the same parties when in the interval the facts have changed or new facts have occurred which may alter the legal rights or relations of the litigants." *Flynt v. Flynt*, 237 N.C. 754, 757, 75 S.E.2d 901, 903 (1953) (citation omitted). In this case, the trial court found two separate instances of new or changed circumstances: plaintiffs' default on their loan after entry of Judge Royster's order, and defendant's production of documentation of its status as holder of the note.

## IV. Effect of Discharge in Bankruptcy

Plaintiffs argue that the trial court erred by finding that their default on the loan after entry of Judge Royster's order

constituted new facts or circumstances that rendered the doctrine of *res judicata* inapplicable. Plaintiffs assert that their mortgage debt was discharged in bankruptcy, eliminating the possibility of any further default. We do not reach the merits of this issue, because plaintiffs failed to preserve for appellate review the effect of a discharge in bankruptcy on the foreclosure action.

Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure states that "to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make" and must "obtain a ruling upon the party's request, objection, or motion." The effect of the bankruptcy proceeding in which plaintiffs were involved was not raised in plaintiffs' complaint, their memorandum of law, or at the hearing before the trial court.

Moreover, plaintiffs' argument is premised in part on their assertion that there was "no reaffirmation agreement entered" during the bankruptcy case. Plaintiffs fail to support this contention by citation to sworn testimony, affidavit, documentary evidence, or any other record evidence. It "'is axiomatic that the arguments of counsel are not evidence.'" *State v. Roache*, 358 N.C. 243, 289, 595 S.E.2d 381, 411 (2004)

(quoting *State v. Collins*, 345 N.C. 170, 173, 478 S.E.2d 191, 193 (1996)).

Plaintiffs failed to preserve for appellate review any issues pertaining to the effect of their bankruptcy proceeding on the foreclosure action, and have not supported their argument with citation to record evidence. Accordingly, we do not reach the merits of this argument.

As discussed above, the trial court found and concluded in relevant part that:

> New facts have occurred since Judge Royster's November 2, 2011 order in the initial foreclosure [special proceeding], by way of subsequent default and Defendants' presentation of the original Note (with an original blank indorsement by New Century Mortgage Corporation, the original Lender, affixed thereon), creating a change in circumstances that would preclude any *res judicata* effect of said order upon the current foreclosure [special proceeding] and/or any other subsequent foreclosure proceeding.

Plaintiffs' appellate challenge is restricted to the trial court's finding that their continued default subsequent to entry of Judge Royster's order constituted new facts. Plaintiffs do not challenge the trial court's finding that defendant's production of proper documentation of its status as holder of the note separately established that "[n]ew facts have occurred . . . creating a change in circumstances" that precluded

application of *res judicata* to defendant's second foreclosure proceeding. "It is not the role of the appellate courts . . . to create an appeal for an appellant." *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (*per curiam*). Given that plaintiffs failed to preserve this challenge to the trial court's order, the order must be affirmed.

## V. Public Policy Considerations

Plaintiffs also argue that we should reverse the trial court's order based upon various public policy concerns. "Weighing . . . public policy considerations is the province of our General Assembly, not this Court." *Shaw v. U.S. Airways, Inc.*, 362 N.C. 457, 463, 665 S.E.2d 449, 453 (2008). This argument lacks merit.

For the reasons discussed above, we conclude that the trial court did not err and that its order should be

AFFIRMED.

Judges ERVIN and McCULLOUGH concur.