TRI CITY BUILDING COMPONENTS, INC. v. PLYLER CONSTRUCTION COM-
PANY, INC.

No. 8321SC1191

(Filed 2 October 1984)

1. Sales § 22.1— defective roof trusses—sufficiency of the evidence

In an action in which defendant had denied liability for the purchase of
roof trusses and counterclaimed for damages from the collapse of the trusses
on the ground that the trusses were defective, summary judgment on the
counterclaim was erroneous where there was evidence that substandard
lumber in a truss had caused the collapse.

2. Rules of Civil Procedure § 56.1— summary judgment—ten days' notice of hear-
ing—required

A motion for summary judgment should not have been heard without the
ten days' notice required by Rule 56(c), even though the case had been calen-
dared for trial on the date the motion was heard, but was taken off the calen-
dar before that date, and even though the parties were present to argue a
motion for a change of venue.

APPEAL by defendant from *Albright, Judge.* Order entered
17 June 1983 in Superior Court, FORSYTH County. Heard in the
Court of Appeals 30 August 1984.

Plaintiff sold defendant construction company some roof
trusses, which were needed in extending the roof of a building it
was enlarging. When nearly all the trusses, which were 68 feet
long and made of wood, had been installed into newly constructed
cement block walls, but before any of the metal roofing was
placed on the trusses, the entire roof structure collapsed, damag-
ing the trusses, the building walls, and certain of defendant's
equipment. Defendant refused to pay for the trusses and plaintiff
sued for the agreed price of $5,416.78. In the answer defendant
admitted the purchase but denied liability on the grounds that
the trusses were defective, and counterclaimed for the damage al-
legedly sustained as a consequence thereof.

The case was calendared for trial for the 13 June 1983 term
of Forsyth County Superior Court, but was taken off the calendar
before then because of an illness in the family of one of defend-
ant's witnesses. Defendant's motion for a change of venue to Bun-
combe County where it is located was added to that calendar,
however. On Tuesday, 7 June 1983, plaintiff moved for summary

judgment on both its claim and defendant's counterclaim and mailed a copy to defense counsel in Asheville, but no notice of hearing was attached. When defendant's motion for a venue change came on for hearing on 13 June 1983, the trial judge also heard plaintiff's motion for summary judgment, though defendant objected thereto. The court's position was that plaintiff's failure to give the ten days' notice that Rule 56(c) of the N.C. Rules of Civil Procedure requires for summary judgment motions would not prejudice defendant, since the case had been calendared for trial and defendant was required to be ready therefor. After considering the court file and plaintiff's brief, an order was entered in plaintiff's favor on its claim for $5,416.78, but plaintiff's motion for summary judgment on defendant's counterclaim was denied.

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by W. Thompson Comerford, Jr., Leon E. Porter, Jr., and Jane C. Jackson, and Horton, Hendrick & Kummer, by Hamilton C. Horton, Jr., and Edward V. Zotian, for plaintiff appellee.*

*Gray, Kimel & Connolly, by Joseph A. Connolly, for defendant appellant.*

PHILLIPS, Judge.

The order of summary judgment was erroneously entered for two reasons. It is therefore vacated and the case is remanded to the Superior Court for trial.

[1] One reason the summary judgment was erroneous is that an issue of fact as to whether plaintiff's trusses were defective—the dominant issue upon which defendant's affirmative defense and counterclaim both rest—was raised by the evidence that was before the court. Plaintiff took the deposition of Robert H. Plyler, who had helped operate the defendant construction company for five years and was there when the trusses fell. He testified that: The collapse started with one truss breaking in two, and when that truss fell it pulled the other trusses, the bracing and the walls down with it; he examined that truss, as well as the other trusses, and found that it had broken cleanly across a knot pattern, whereas the other trusses sustained splintering, shearing and other damage when they fell to the paved floor or on each other. When asked by plaintiff's counsel "What caused that truss to break?" the witness responded, in substance, substandard, too

weak lumber which contained knots that lumber of that grade was not supposed to have. On several other occasions during the deposition the witness testified that the trusses were made of substandard lumber and that substandard lumber caused the failure. This evidence raised an issue for the jury and the court's holding to the contrary was error. That the witness also testified that other things could have caused or contributed to the collapse of the trusses — such as damage done to some of the trusses in transit and improperly arranged concrete block walls that the trusses were affixed to — is beside the point for the purposes of this appeal. On a motion for summary judgment judges do not resolve inconsistencies and conflicts in evidence, nor do they assess the credibility or weight of the evidence; they only determine whether the evidence, under any view taken of it, raises a material issue of fact. *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972).

[2] The court's other error was in hearing the motion when the ten days' notice required by Rule 56(c) had not been given and defendant had had no fair opportunity to prepare for the hearing. The court's finding that defendant was not prejudiced since the case had been calendared for trial is supported neither by the record nor the common experience of the profession. Being prepared to call witnesses and to try a case that has been calendared for a month is not the same thing as being prepared to oppose a summary judgment motion that has not been calendared at all. *Zimmerman's Department Store, Inc. v. Shipper's Freight Lines, Inc.*, 67 N.C. App. 556, 313 S.E. 2d 252 (1984). Defense counsel's only reason for going to Winston-Salem from Asheville that day, so far as the record reveals, was to argue his change of venue motion; he had no reason to suppose that the motion for summary judgment would be heard and was not prepared for such a hearing. Defendant had no brief on the issue to hand up to the court — and could not have been expected to have one under the circumstances — but plaintiff did submit a brief, which the court considered. As was indicated in *Ketner v. Rouzer*, 11 N.C. App. 483, 182 S.E. 2d 21 (1971) and *Zimmerman's Department Store, Inc. v. Shipper's Freight Lines, Inc., supra*, with adequate time to prepare for the summary judgment hearing, the issues can often be made clearer and the court's task easier. The defendant either by affidavit or brief might have been able to point more directly

to the crucial evidence that was available on the issue, if it had had an opportunity to do so, and that the court might have profited by such aid, is self-evident. Except for such analysis of the available evidence as may have been made in plaintiff's brief, which is not in the record, the record indicates that the court arrived at its decision from examining the considerable papers in the court file, whereas such decisions are usually made after comparing the analyses, references, and summaries of the opposing lawyers. This may account for the court ruling that the evidence failed to raise a material issue of fact on defendant's affirmative defense, but did raise such an issue on defendant's counterclaim, when both the defense and the counterclaim rest on the contention that the trusses were defective. In any event, dismissing a party's claim or defense by summary judgment is too grave a step to be taken on short notice; unless, of course, the right to notice that those opposing summary judgment have under Rule 56(c) is waived. *Raintree Corporation v. Rowe*, 38 N.C. App. 664, 248 S.E. 2d 904 (1978). But being in court to present another motion and objecting to the hearing being held is no waiver.

Vacated and remanded.

Judge WEBB concurs.

Judge JOHNSON concurs in result.