KENT D. ANDERSON, Plaintiff v. VICKY C. ANDERSON, Defendant

No. COA00-1008

(Filed 7 August 2001)

**1. Divorce— equitable distribution—military retirement pension—notice—waiver**

The trial court did not err by granting summary judgment in favor of plaintiff husband on defendant wife's counterclaim for an equitable distribution of plaintiff's military retirement pension

ANDERSON v. ANDERSON

[145 N.C. App. 453 (2001)]

even though defendant contends she had no notice of the hearing, because: (1) defendant waived procedural notice required by N.C.G.S. § 1A-1, Rule 56 by attending and participating in the hearing without raising any objection regarding improper notice, and she did not request any additional time to prepare or to produce evidence; and (2) defendant made no showing that if she had received separate notice of the summary judgment motion, she would have been more prepared or able to present additional authority.

**2. Divorce— equitable distribution—separation agreement— military retirement pension—failure to hold evidentiary hearing**

The trial court did not err by dismissing defendant wife's counterclaim for an equitable distribution of plaintiff's military retirement pension without an evidentiary hearing, because: (1) the parties' separation agreement bars defendant's claim as a matter of law so that no additional evidence was required for the trial court to determine the legal effect of the agreement when the agreement establishes an intention by the parties to resolve for themselves any and all matters arising from their marriage; and (2) defendant made no showing that the separation agreement was not intended to be the final agreement of the parties or that the military pension was excluded from the initial agreement.

**3. Appeal and Error— preservation of issues—failure to raise issue before trial court**

Although defendant wife contends the trial court erred by failing to deem defendant's counterclaim for equitable distribution of plaintiff husband's military pension as admitted under N.C.G.S. § 1A-1, Rule 8(d) based on plaintiff's failure to file a reply to defendant's counterclaims, defendant did not preserve this issue because she did not raise it before the trial court as required by N.C. R. App. P. 10(b)(1).

Appeal by defendant from an order entered 2 May 2000 by Judge Robert J. Stiehl, III in Cumberland County District Court. Heard in the Court of Appeals 7 June 2001.

*Reid, Lewis, Deese, Nance & Person, LLP, by Renny W. Deese, for plaintiff-appellee.*

*Beaver, Holt, Sternlicht, Burge, Glaizer, Carlin & Britton, P.A., by F. Thomas Holt, III, for defendant-appellant.*

HUNTER, Judge.

Vicky C. Anderson ("wife") appeals an order for summary judgment granted in favor of Kent D. Anderson ("husband") on wife's claim for an equitable distribution of husband's military retirement pension. Wife argues that the trial court erred: (1) by granting summary judgment in husband's favor without her receiving proper notice of the hearing; (2) by dismissing her claim for equitable distribution without an evidentiary hearing; and, (3) by not deeming her claims for equitable distribution as admitted when husband failed to file a reply to her counterclaims. After a careful review of the record and briefs, we affirm the trial court's order.

Husband and wife married on 8 January 1987, in Ridgeland, South Carolina. During the course of the marriage, the couple had three children. Then, on or about 7 October 1997, the parties separated, and prior to divorcing, executed a "Marital Settlement Agreement" (hereinafter, "separation agreement"). On 8 October 1998, husband filed a complaint against wife for absolute divorce, and shortly thereafter, wife filed an answer and counterclaims for equitable distribution of husband's military benefits, incorporation of the separation agreement, and specific performance. Subsequently, on 22 December 1998, husband filed a motion for summary judgment. By order signed 8 February 1999, Judge Robert J. Stiehl, III granted husband an absolute divorce and severed wife's counterclaims for later determination.

Judge Stiehl heard wife's claims for equitable distribution, incorporation of the separation agreement, and specific performance on 21 February 2000. At the beginning of the hearing, Judge Stiehl announced in open court that "husband . . . filed for summary judgment pursuant to Rule 56, alleging that the separation agreement entered into between the parties was a property settlement and that the wife's claim for [equitable distribution] was thus barred." Husband then notified the court that the parties settled all other issues except for wife's counterclaim for equitable distribution of the military retirement pension, and both parties stipulated to the settlement. The court then noted that it had considered legal authority pre-

viously given to him by the parties on the equitable distribution issue. At the close of the parties' arguments, the court granted husband's motion for summary judgment holding that the separation agreement barred wife's claim for an equitable distribution of husband's military pension. Wife now appeals.

**[1]** Wife first assigns as error the trial court's entry of summary judgment in husband's favor without proper notice of the hearing to wife. Specifically, she contends that husband's motion for summary judgment applied only to his verified complaint and not to her counterclaims, and as such, she argues that she had no notice of the hearing on the equitable distribution issue. We disagree.

Rule 56 of the North Carolina Rules of Civil Procedure states that a motion for summary judgment "shall be served at least 10 days before the time fixed for the hearing." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999). Wife cites *Tri City Building Components v. Plyler Construction,* 70 N.C. App. 605, 320 S.E.2d 418 (1984) for the proposition that such notice is mandatory and that this Court has found reversible error when a party fails to give the required notice.

While Rule 56 notice is mandatory, the very case that wife cites in support of her argument also recognizes that notice can be waived: "dismissing a party's claim or defense by summary judgment is too grave a step to be taken on short notice; unless, of course, the right to notice that those opposing summary judgment have under Rule 56(c) is waived." *Tri City,* 70 N.C. App. at 608, 320 S.E.2d at 421. This waiver is possible because "[t]he notice required by [Rule 56] is procedural notice as distinguished from constitutional notice . . . ." *Raintree Corp. v. Rowe,* 38 N.C. App. 664, 667, 248 S.E.2d 904, 907 (1978). A party waives notice of a motion by attending the hearing of the motion and by participating in the hearing without objecting to the improper notice or requesting a continuance for additional time to produce evidence. *Raintree,* 38 N.C. App. at 668, 248 S.E.2d at 907; *Messer v. Laurel Hill Associates,* 102 N.C. App. 307, 310-11, 401 S.E.2d 843, 845 (1991); *Westover Products, Inc. v. Gateway Roofing, Inc.,* 94 N.C. App. 163, 166, 380 S.E.2d 375, 377 (1989); *Story v. Story,* 27 N.C. App. 349, 352, 219 S.E.2d 245, 247 (1975).

In the present case, prior to the hearing on the motion, wife proffered legal authority to the trial court in support of her position that the agreement did not preclude her equitable distribution claim. Additionally, wife attended and participated in the hearing; she failed to raise any objection regarding improper notice or to the proceed-

ANDERSON v. ANDERSON

[145 N.C. App. 453 (2001)]

ings; and, she did not request any additional time to prepare or to produce evidence. Moreover, wife has made no showing that if she had received separate notice of the motion that she would have been more prepared or able to present additional authority. Therefore, wife, by attending the hearing and participating without objection, waived the procedural notice otherwise required by Rule 56. Consequently, we find no error with the trial court's hearing the summary judgment motion.

[2] Next, wife assigns error to the trial court's dismissal of her claim for equitable distribution without an evidentiary hearing. She contends that the separation agreement was not intended to settle all property claims arising out of the marriage. Particularly, she argues that the separation agreement did not contemplate husband's military retirement benefits. Again, we find no error.

Wife has made no contention, either before this Court or at the hearing, that any issue of material fact exists as to the disposition of this issue. Furthermore, she did not contend that the separation agreement was executed under coercion, duress, or other disability. Therefore, the trial court needed only to determine the legal effect of the separation agreement.

Husband and wife, upon divorce, may determine for themselves how to divide their marital estate by entering into a valid separation agreement in lieu of an equitable distribution by judicial determination. *Hagler v. Hagler*, 319 N.C. 287, 290, 354 S.E.2d 228, 232 (1987). Further, "[N.C. Gen. Stat. §] 52-10 allows [a] husband and wife to enter a separation agreement which 'release[s] and quitclaim[s]' any property rights acquired by marriage, and . . . a release will bar any later claim on the released property[, and such an agreement] is an enforceable contract between husband and wife." *Blount v. Blount*, 72 N.C. App. 193, 195, 323 S.E.2d 738, 740 (1984).

The trial court determines as a matter of law the construction of a clear and unambiguous contract. *Hagler*, 319 N.C. at 294, 354 S.E.2d at 234. " '. . . When a contract is in writing and free from any ambiguity which would require resort to extrinsic evidence, or the consideration of disputed fact, the intention of the parties is a question of law. . . .' " *Bicycle Transit Authority v. Bell*, 314 N.C. 219, 227, 333 S.E.2d 299, 304 (1985) (quoting *Lane v. Scarborough*, 284 N.C. 407, 410, 200 S.E.2d 622, 624-25 (1973)). In construing a separation agreement, the same rules used in contract interpretation generally apply, thus, "[w]here the terms of a separation agreement are plain

and explicit, the court will determine the legal effect and enforce it as written by the parties." *Blount*, 72 N.C. App. at 195, 323 S.E.2d at 740.

"It is a well-settled principle of legal construction that '[i]t must be presumed the parties intended what the language used clearly expresses, and the contract must be construed to mean what on its face it purports to mean.' " *Hagler*, 319 N.C. at 294, 354 S.E.2d at 234 (quoting *Indemnity Co. v. Hood*, 226 N.C. 706, 710, 40 S.E.2d 198, 201 (1946)).

> "Whether . . . the language of a contract is ambiguous or unambiguous is a question for the court to determine. . . ."

> *Piedmont Bank & Trust Co. v. Stevenson*, 79 N.C. App. 236, 240, 339 S.E.2d 49, 52 (1986). In making this determination, "words are to be given their usual and ordinary meaning and all the terms of the agreement are to be reconciled if possible . . . ." *Id.*

*Hartman v. Hartman*, 80 N.C. App. 452, 455, 343 S.E.2d 11, 13 (1986). Manifestly, whether the separation agreement barred wife's equitable distribution claim is a question of law susceptible to summary disposition, and as such, no additional evidence was required for the trial court to determine the legal effect of the agreement. Therefore, based on the plain and unambiguous language of the separation agreement, we hold wife's claim for an equitable distribution of husband's military pension is barred as a matter of law.

We note that "the very existence of the agreement evinces an intention by the parties to determine for themselves what their property division should be and what their future relationship is to be, rather than to leave these decisions to a court of law." *Hagler*, 319 N.C. at 293, 354 S.E.2d at 233. Here, the agreement clearly establishes an intention by the parties to resolve for themselves any and all matters arising from their marriage. The separation agreement plainly states that the parties intended to "settle by agreement *all* of their marital affairs with respect to *property*" and that the agreement is intended to constitute the "*full* and *entire* contract of the parties." (Emphasis added.) Moreover, the separation agreement provides a section expressly for the division of property which, taken in light of the conclusive language used elsewhere in the agreement serves as the sole and complete division of the marital estate.

Furthermore, the separation agreement evinces an intent by the parties to resolve all issues arising from the marriage by pre-

cluding any future actions and by expressly making the agreement binding "upon the heirs, assigns, executors, administrators, successors in interest and representatives of each party." Also, the separation agreement proves that the parties meant for neither to interfere with the other thereafter and that they are to "permanently live separate and apart from the other party, free from any control, restraint, or interference, direct or indirect, by the other party, and in all respects to live as if he or she were sole and unmarried."

Wife made no showing that the separation agreement was not intended to be the final agreement of the parties or that the military pension was excluded from the initial agreement. In fact, the separation agreement's child support provision considers husband's military retirement benefits pursuant to a plan for support reduction stating that the support "shall be reduced . . . to the amount of 50% of the *husband[']s military retirement benefits* . . . ." (Emphasis added.) For these reasons, we conclude that the trial court did not err in finding as a matter of law that the separation agreement constitutes the final and full contract of the parties and bars wife's counterclaim for an equitable distribution of husband's military pension.

[3] Finally, wife assigns error to the trial court's failure to deem her claim for equitable distribution as admitted. Here, wife primarily argues that husband's failure to file a reply to her counterclaims should carry the same sanctions for failure to file an answer to a complaint. Specifically, wife cites N.C. Gen. Stat. § 1A-1, Rule 8(d) (1999), which requires the filing of a reply to a claim or else the claim is deemed admitted. This assignment is dismissed.

N.C.R. App. P. 10(b)(1) provides, "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make . . . ." *See Hieb v. Lowery*, 121 N.C. App. 33, 39, 464 S.E.2d 308, 312 (1995). Wife did not raise this issue before the trial court, nor did she bring it up at any other time except that it appears as an assignment of error in the record and as an issue in her brief. Since wife failed to raise this issue before the lower court, we refuse to address the issue for the first time on appeal. This assignment of error is therefore dismissed.

For the reasons set out above, this Court affirms the trial court's grant of summary judgment in husband's favor.

Affirmed.

Judges MARTIN and HUDSON concur.