598 S.E.2d 658 (2004)
In re J.S.
No. COA03-1047.
Court of Appeals of North Carolina.
July 20, 2004.
*659 Hunton & Williams, by Jason S. Thomas, Raleigh, for petitioner-appellee Guardian Ad Litem.
John. F. Campbell, Fayetteville, for petitioner-appellee Cumberland County Department of Social Services.
Katharine Chester for respondents-appellants.
STEELMAN, Judge.
Respondents appeal the district court's Permanency Planning Order relieving Cumberland County Department of Social Services (DSS) of reunification and visitation efforts with the parents.
Respondents are the parents of three boys, now ages fifteen, eleven, and four. Respondent-father receives Social Security Disability due to several strokes he had in 1999 and is unable to work. Respondent-mother is also unemployed. On 15 March 2001, DSS filed a juvenile petition regarding the children, alleging they were neglected, in that they: (1) lived in unsanitary and unsafe conditions; (2) had poor attendance at school; (3) had very poor personal hygiene; (4) received inadequate medical care; and (5) the parents were unable to manage their finances in a responsible way. On 17 April 2001, the trial judge issued orders for non-secure custody of the three children, placing their custody with DSS. Additional orders for non-secure custody were issued on 4 May 2001 and 14 June 2001, finding that grounds existed to continue the non-secure custody order. On 12 June 2001, the trial court conducted the adjudication and dispositional hearings, where DSS moved to amend the petition to include allegations of dependency. Since respondents stipulated to dependency, DSS took a voluntary dismissal on the neglect allegations. The court continued the matter for review. On 15 November 2001, the trial court conducted a review hearing pursuant to N.C. Gen.Stat. § 7B-906. The trial court found that reasonable efforts were being made to reunite the children with their family, or to provide a permanent plan for the children, but that the return of the children to the parent's custody would be contrary to the welfare of the minors. While legal custody remained with DSS, physical custody of the two youngest boys was placed with relatives of respondents and the oldest boy was placed in foster care. The parents were allowed visitation with the children. The court conducted periodic permanency planning hearings on 20 February 2002, 20 March 2002, 12 June 2002, and 22 August 2002.
At the 22 August 2002 permanency planing review, the court relieved DSS from its reunification and visitation efforts as to the minor children. Respondents appeal.
*660 In respondents' first assignment of error, they contend the trial court's findings of fact are not supported by competent evidence and, in turn, the findings of fact do not support the conclusions of law. Our analysis of this issue also includes respondents' second assignment of error, in which they assert it was error for the trial court to make a finding of fact which merely incorporated reports of others.
"In all actions tried upon the facts without a jury ... the court shall find the facts specifically and state separately its conclusions of law thereon...." N.C. Gen.Stat. § 1A-1, Rule 52(a)(1) (2003). Thus, the trial court must, through "processes of logical reasoning," based on the evidentiary facts before it, "find the ultimate facts essential to support the conclusions of law." In re Harton, 156 N.C.App. 655, 660, 577 S.E.2d 334, 337 (2003). The resulting findings of fact must be "sufficiently specific to enable an appellate court to review the decision and test the correctness of the judgment." Quick v. Quick, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982). Where the trial court's findings are supported by competent evidence, they are binding on appeal, even if there is evidence which would support a finding to the contrary. In re Weiler, 158 N.C.App. 473, 477, 581 S.E.2d 134, 137 (2003).
Here, the trial court's findings are not "specific ultimate facts," which are sufficient for this Court to determine that it was proper for the lower court to allow DSS to cease reunification efforts. In re Anderson, 151 N.C.App. 94, 97, 564 S.E.2d 599, 602 (2002) (noting that "ultimate facts" are the resulting effect reached by the court's application of logical reasoning to the evidentiary facts). In this case, the trial court entered a cursory two page order. It did not incorporate any prior orders or findings of fact from those orders. Instead, the trial court incorporated a court report from DSS and a mental health report on the oldest boy as a finding of fact. In juvenile proceedings, it is permissible for trial courts to consider all written reports and materials submitted in connection with those proceedings. In re Ivey, 156 N.C.App. 398, 402, 576 S.E.2d 386, 390 (2003); N.C. Gen.Stat. § 7B-907(b) (2003). Despite this authority, the trial court may not delegate its fact finding duty. Harton, 156 N.C.App. at 660, 577 S.E.2d at 337. Consequently, the trial court should not broadly incorporate these written reports from outside sources as its findings of fact.
Furthermore, the trial court's findings of fact are insufficient to allow meaningful appellate review, in that they lack the findings required by N.C. Gen.Stat. § 7B-907(b) and N.C. Gen.Stat. § 7B-507(b)(2003). N.C. Gen.Stat. § 7B-907(b) states that at the conclusion of the hearing, if the juvenile is not to be returned home, the court must consider the factors listed and make relevant findings of fact. These factors include:
(1) Whether it is possible for the juvenile to be returned home immediately or within the next six months, and if not, why it is not in the juvenile's best interests to return home;
(2) Where the juvenile's return home is unlikely within six months, whether legal guardianship or custody with a relative or some other suitable person should be established, and if so, the rights and responsibilities which should remain with the parents;
(3) Where the juvenile's return home is unlikely within six months, whether adoption should be pursued and if so, any barriers to the juvenile's adoption;
(4) Where the juvenile's return home is unlikely within six months, whether the juvenile should remain in the current placement or be placed in another permanent living arrangement and why;
(5) Whether the county department of social services has since the initial permanency plan hearing made reasonable efforts to implement the permanent plan for the juvenile;
(6) Any other criteria the court deems necessary.
N.C. Gen.Stat. § 7b-907(b)(2003) (emphasis added).
Here, the trial court found that "it is not possible for the minor to return home at this time." While it is true that the court is not expressly required to make every finding listed, it must still make those findings that *661 are relevant to the permanency plans being developed for the children. Arguably the trial court met the criteria of numbers (2) and (5), however, it failed to meet the statutory requirements of section (1) as it neglected to state why it was not possible for the minors to be returned home. See In re Ledbetter, 158 N.C.App. 281, 286, 580 S.E.2d 392, 395 (2003) (reversing the trial court's order since it failed to explain why it was not in the child's best interest to be returned to his mother and because it did not make the findings required by section 7B-907(b)). In this case, the findings of fact do not sufficiently comply with the requirements of this statute. Furthermore, N.C. Gen.Stat. § 7B-907(c) requires that at the conclusion of a permanency planning hearing, "the judge shall make specific findings as to the best plan of care to achieve a safe, permanent home for the juvenile...." N.C. Gen.Stat. § 7B-907(c)(2003). The court made no findings addressing this requirement.
The only finding which gives any indication as to why DSS should cease reunification efforts is Finding of Fact No. 6, which states "[t]he respondent parents have had no substantial change in their judgment making and concepts to adequately take care of the children." This finding alone will not support the trial court's order, as the remaining findings were either more properly classified as conclusions of law or were a mere recitation of the status of the case, i.e. the minors were adjudicated dependant and the children's current placement was with relatives or foster care. Since the trial court's findings are not sufficiently specific to allow this Court to review its decision and determine whether the judgment was correct, and since the findings also fail to comply with the statutory requirements, we remand this matter to the district court to make appropriate findings of fact.
In light of our holding on respondents' first two assignments of error, it is unnecessary to address respondents' third assignment of error. However, we do address respondents' final assignment of error since it raises an issue as to the trial court's jurisdiction. Respondents contend that since petitioner did not file a motion requesting relief from reunification efforts, the trial court was without jurisdiction to cease reunification efforts.
The order which is the subject of this appeal was entered after a permanency planning hearing conducted pursuant to N.C. Gen.Stat. § 7B-907. N.C. Gen.Stat. § 7B-907(a) provides that a permanency planning hearing shall be held within twelve months after the initial order removing custody, with subsequent planning hearings to be held at least every six months. N.C. Gen.Stat. § 7B-907(a) (2003). The purpose of the hearings is to "review the progress made in finalizing the permanent plan for the juvenile, or if necessary, to make a new permanent plan for the juvenile." Id. (emphasis added). This vests the trial court with the authority to modify its permanency plan for the children with respect to any aspect of that plan, including reunification or visitation. By its nature, the subsequent planning hearings do not require petitioner to file a new petition for each subsequent hearing, as the statute mandates that the lower court hold such a hearing at least every six months. Furthermore, our Supreme Court has held that nothing in the juvenile code, N.C. Gen.Stat. Ch. 7B, "precluded the trial court from specifying in its order in this case that DSS `may' cease reconciliation efforts." In re Brake, 347 N.C. 339, 340-41, 493 S.E.2d 418, 419-20 (1997).
N.C. Gen.Stat. § 7B-200(a) provides that "[t]he court has exclusive, original jurisdiction over any case involving a juvenile who is alleged to be abused, neglected, or dependent." N.C. Gen.Stat. § 7B-200(a) (2003). Once the court obtains jurisdiction over a juvenile, that "jurisdiction shall continue until terminated by order of the court or until the juvenile reaches the age of 18 years or is otherwise emancipated...." N.C. Gen.Stat. § 7B-201 (2003). When petitioner filed its petition alleging the minors to be neglected, the district court obtained jurisdiction over the matter.
By this same assignment of error, respondents contend they did not receive notice of the permanency planning hearing as required by N.C. Gen.Stat. § 7B-907(a) (requiring the clerk to give fifteen days notice of *662 the hearing to the parents). A party who is entitled to notice of a hearing waives such notice where they attend the hearing and participate in it without objecting to improper notice. Anderson v. Anderson, 145 N.C.App. 453, 456, 550 S.E.2d 266, 269 (2001); Brandon v. Brandon, 10 N.C.App. 457, 460-61, 179 S.E.2d 177, 179-80 (1971). Here, respondents and their attorneys were present at the hearing, they participated in the proceedings, and no one objected to improper notice. Thus, respondents waived any objection they might have had to improper notice. This assignment of error is without merit.
For the reasons discussed herein, we reverse the trial court's Permanency Planning Order and remand for proceedings consistent with this opinion. It is within the trial court's discretion to allow additional evidence prior to making findings of fact and conclusions of law. See In re Anderson, 151 N.C.App. 94, 100, 564 S.E.2d 599, 603 (2002).
REVERSED AND REMANDED.
Judges WYNN and CALABRIA concur.