An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-670

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

TAMMY DECESARE,
    Plaintiff,

    v.                               Rowan County
                                       No. 12-CVS-609

ISLAND GAMES, LLC and, SHAUN
WESTRAAD,

    Defendants.


Appeal by defendants from judgment entered 25 March 2013 by Judge W. Erwin Spainhour in Rowan County Superior Court. Heard in the Court of Appeals 6 November 2013.


    *Huffman Law Firm, P.A., by Richard L. Huffman, for plaintiff-appellee.*

    *Ferguson, Scarbrough, Hayes, Hawkins & DeMay, P.A., by James R. DeMay, for defendants-appellants.*


    HUNTER, Robert C., Judge.


Island Games, LLC and Shaun Westraad (individually "Island Games" and "Westraad," collectively "defendants") appeal from summary judgment entered 25 March 2013 by Judge W. Erwin Spainhour in Rowan County Superior Court. On appeal, defendants contend that: (1) the trial court abused its discretion by

denying defendants' motion to withdraw admissions; (2) the trial court erred by granting plaintiff's motion for summary judgment; and (3) summary judgment should be vacated because defendants were not provided adequate notice of the summary judgment hearing.

After careful review, we affirm the trial court's judgment.

**Background**

On 9 March 2012, Tammy DeCesare ("plaintiff") filed suit for breach of contract and accounting against both Westraad and Island Games in Rowan County Superior Court.[1] In the complaint, plaintiff alleged that: (1) Island Games was under the complete dominion and control of Westraad; (2) plaintiff and defendants entered into a business agreement whereby plaintiff purchased a fifty percent stake in Island Games for $23,500.00, Island Games was to purchase 8 sweepstakes consoles, and profits earned from the consoles would be split equally between plaintiff and Westraad; (3) plaintiff and defendants agreed to part ways, with defendants agreeing to repay plaintiff the $23,500.00 which she invested in the company; and (4) plaintiff made demand for payment but no payment was made to her. Defendants filed an

---

[1] The parties stipulated that plaintiff's claim for accounting is moot and that the summary judgment order resolved the sole issue remaining in the complaint – breach of contract.

unverified answer 9 April 2012, generally denying the allegations in the complaint.

On 30 November 2012, plaintiff served a request for admissions on defendants by depositing copies addressed to Westraad and Island Games in the United States Mail. On 3 December 2012, Westraad left for Philadelphia, Pennsylvania to visit family, where he stayed until 6 January 2013 – the day that he first saw the request for admissions. Defendants' time to respond to the request for admissions had expired on 2 January 2013, and defendants did not respond until 13 January 2013, 11 days after the deadline had passed. Plaintiff requested defendants admit, among other things, that: (1) a contract existed between plaintiff and defendants which granted plaintiff a fifty percent share of Island Games in exchange for $23,500.00 paid by plaintiff to fund the sweepstakes operation; (2) plaintiff paid defendants $23,500.00; (3) plaintiff and defendants agreed to part ways; (4) defendants agreed to repay $23,500.00 to plaintiff in exchange for her share of Island Games; (5) defendants have not paid plaintiff $23,500.00; (6) defendants owe plaintiff $23,500.00; and (7) "[plaintiff] should receive whatever she prayed for in her Complaint."

Based on the admissions, plaintiff moved for summary

judgment on 13 March 2013. Defendants were represented by counsel at the hearing held on 25 March 2013, and they filed a notice of appearance, a motion to withdraw admissions, and an affidavit of Westraad. Westraad's affidavit contradicted the admissions in several material aspects. He averred that: (1) the business run by plaintiff and Westraad opened under the name "Island Games" but was not affiliated with Island Games, LLC, of which Westraad was a member and manager; (2) plaintiff only paid Westraad $23,100.00 over the course of their business relationship; and (3) there was no agreement that Westraad would repay plaintiff's investment in the business.

The trial court granted plaintiff's motion for summary judgment, holding defendants jointly and severally liable for the sum of $23,500.00 plus the costs of the action. Defendants filed timely notice of appeal.

**Discussion**

**I. Motion to Withdraw Admissions**

Defendants first contend that the trial court abused its discretion by denying their motion to withdraw admissions. After reviewing the record, we find that this issue is not properly before us. Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure states:

> In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. *It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.*

N.C. R. App. P. 10(a)(1) (2013) (emphasis added). The record reveals no ruling on defendants' motion to withdraw admissions. We also cannot determine whether the motion was ruled on in open court, because no testimony was given at the hearing and no transcript was prepared. The judgment from which defendants appeal states only that:

> This cause was heard before the undersigned Judge on motion of the Plaintiff for Summary Judgment. It is appears [sic] to the [c]ourt that there is no genuine issue as to any material fact and that Plaintiff is entitled to Judgment as a matter of law.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Summary Judgment is granted in favor of Plaintiff against Defendants and that the Plaintiff have and recover from the Defendants, jointly and severally, the sum of $23,500.00 together with the costs of this action.

Defendants argue that the trial court necessarily denied their motion to withdraw admissions because it entered summary judgment in favor of plaintiff despite there being no verified

pleadings or affidavits in support of summary judgment before it. We disagree. Another plausible explanation is that the trial court declined to rule on defendants' motion because it was filed on the same day that the matters were to be heard, in violation of North Carolina Rule of Civil Procedure 6(d). *See* N.C. Gen. Stat. § 1A-1, Rule 6(d) (2013) ("A written motion . . . and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing[.]"); *see also City of Winston-Salem v. Slate*, 185 N.C. App. 33, 37, 647 S.E.2d 643, 647 (2007) (holding that the trial court did not err by declining to hear a motion not filed in a timely fashion under Rule 6(d)). Defendants ask us to speculate as to why the trial court did not rule on their motion to withdraw admissions, which we decline to do. *See Drouillard v. Keister Williams Newspaper Servs.*, 108 N.C. App. 169, 173, 423 S.E.2d 324, 327 (1992) ("Our review is limited to that which appears in the verbatim transcript or record on appeal."). Absent a ruling on defendants' motion to withdraw admissions in the record, this issue is not properly before this Court. *See Bio-Med. Applications of N. Carolina, Inc. v. N. Carolina Dep't of Health & Human Servs., Div. of Facility Servs.*, 179 N.C. App. 483, 487, 634 S.E.2d 572, 576 (2006) (declining to review a motion to

dismiss on appeal where the trial court did not rule on the motion). Accordingly, defendants' argument is overruled.

## II. Motion for Summary Judgment

Defendants next contend that the trial court erred by granting plaintiff's motion for summary judgment. We disagree.

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation and quotation marks omitted).

Rule 36(a) of the North Carolina Rules of Civil Procedure provides that when a written request for admissions is properly served upon an opposing party,

> [t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney[.]

N.C. Gen. Stat. § 1A-1, Rule 36(a) (2013). "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." N.C. Gen. Stat. § 1A-1, Rule 36(b) (2013). Our Supreme Court has

held that "[f]acts that are admitted under Rule 36(b) are sufficient to support a grant of summary judgment." *Goins v. Puleo*, 350 N.C. 277, 280, 512 S.E.2d 748, 750 (1999) (citation and quotation marks omitted). Furthermore, matters admitted under Rule 36 are judicial admissions. *J.M. Parker & Sons, Inc. v. William Barber, Inc.*, 208 N.C. App. 682, 690, 704 S.E.2d 64, 69 (2010).

> A judicial admission is made for the purpose of removing a fact or facts from the realm of dispute between litigants. Such an admission is binding in every sense, absent a showing of fraud, misrepresentation, undue influence or mutual mistake. Evidence offered in denial of the admitted fact should undoubtedly be rejected. This Court has repeatedly held that a party seeking to avoid summary judgment cannot create a genuine issue of material fact by offering evidence which contradicts prior judicial admissions.

*Patrick v. Ronald Williams, Prof'l Ass'n*, 102 N.C. App. 355, 362, 402 S.E.2d 452, 456 (1991) (citation and quotation marks omitted). The sole claim between plaintiff and defendants, and thus the only matter for which admissions were sought, is breach of contract. "The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000).

Here, defendants concede that they failed to timely respond to plaintiff's properly served request for admissions. Thus, because the trial court declined to permit withdrawal or amendment of the admissions, the matters became "conclusively established," N.C. Gen. Stat. § 1A-1, Rule 36(b), and removed the admitted facts from the "realm of dispute between the litigants," *Patrick*, 102 N.C. App. at 362, 402 S.E.2d at 456. Defendants judicially admitted that: (1) an agreement was signed by plaintiff and Westraad, individually and on behalf of Island Games, that gave plaintiff a fifty percent share in Island Games in exchange for $23,500.00; (2) plaintiff paid defendants $23,500.00 for a fifty percent share in Island Games; (3) plaintiff and defendants decided to end their business venture; (4) plaintiff and defendants entered into a new agreement whereby defendants would repay plaintiff $23,500.00 in exchange for her fifty percent share of Island Games; (5) $23,500.00 is due to plaintiff but no money has been paid to her; (6) defendants owe plaintiff $23,500.00; and (7) plaintiff should receive "whatever she prayed for in her complaint."

Defendants argue that the majority of these admissions were denied in the answer, and therefore, defendants should not be penalized for failing to respond timely to a "redundant" request

for admissions.  This Court has previously rejected defendants' argument.

> Defendants' contention that an unverified answer to a complaint is the same as a response to a request for admissions that contains matters 'identical' to the allegations in the complaint, contravenes the express purpose of Rule 36.  Rule 36 means exactly what it says.  In order to avoid having requests deemed admitted, a party must respond within the specified time period.

*Excel Staffing Serv., Inc. v. HP Reidsville, Inc.*, 172 N.C. App. 281, 285, 616 S.E.2d 349, 352 (2005) (citation and quotation marks omitted).

Defendants also contend that the "sweeping admissions" were related only to the "ultimate issue in the case," and because they were not "relate[d] to statements or opinions of fact or of the application of law to fact," N.C. Gen. Stat. § 1A-1, Rule 36(a), they do not support entry of summary judgment.  Rule 36(a) states that a party may request admission for "the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact."  N.C. Gen. Stat. § 1A-1, Rule 36(a).  Defendants cite to no authority for the proposition that "ultimate issues" in a case are not discoverable within the scope of Rule 26(b) and do not relate to facts or application of

law to facts. Therefore, this argument is deemed abandoned. *See Hien Nguyen v. Taylor*, __ N.C. App. __, __, 723 S.E.2d 551, 558 (2012).

Defendants' admissions were "binding in every sense" on the trial court, *Patrick*, 102 N.C. App. at 362, 402 S.E.2d at 456, and even though Westraad submitted a contradictory affidavit, "[an] affidavit opposing summary judgment does not overcome the conclusive effect of [] previous admissions, and, therefore, no issue of fact is raised by [any assertions therein]." *J.M. Parker & Sons*, 208 N.C. App. at 690, 704 S.E.2d at 69. Because defendants judicially admitted that they entered into an agreement to repay plaintiff $23,500.00 for her share of Island Games, they breached that agreement by failing to pay her $23,500.00, and they owe plaintiff $23,500.00, there were no remaining issues of material fact to dispute, and plaintiff was entitled to judgment on her claim of breach of contract as a matter of law. *See Poor*, 138 N.C. App. at 26, 530 S.E.2d at 843. We therefore affirm the trial court's entry of summary judgment in plaintiff's favor. *See In re Will of Jones*, 362 N.C. at 573, 669 S.E.2d at 576.

We acknowledge that the entry of summary judgment in favor of plaintiff may appear to lead to a "harsh result." *Goins*, 350

N.C. at 281, 512 S.E.2d at 751. "Nevertheless, the Rules of Civil Procedure promote the orderly and uniform administration of justice, and all litigants are entitled to rely on them." *Id.* Therefore, the "rules must be applied equally to all parties to a lawsuit." *Id.*

### III. Notice of Summary Judgment Hearing

Defendants' final argument is that they were not provided with adequate notice of the hearing on plaintiff's motion for summary judgment, and thus summary judgment should be vacated. We disagree.

Under Rule 56(c) of the North Carolina Rules of Civil Procedure, "[t]he motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2013). Although notice is mandatory under Rule 56, it is procedural rather than constitutional in nature, and thus can be waived. *See Anderson v. Anderson*, 145 N.C. App. 453, 456, 550 S.E.2d 266, 268 (2001). "A party waives notice of a motion by attending the hearing of the motion and by participating in the hearing without objecting to the improper notice or requesting a continuance for additional time to produce evidence." *Id.*

Here, defendants were represented by counsel at the hearing

on plaintiff's motion for summary judgment. They filed three documents with the court on the day of the hearing, participated in the hearing, and failed to object, except, or otherwise contest lack of notice in any way. As such, defendants waived the procedural notice required by Rule 56. *See Anderson*, 145 N.C. App. at 457, 550 S.E.2d at 268 (holding that where a party attended a hearing on summary judgment and participated without objecting to lack of notice, she waived the notice required by Rule 56). Defendants' argument is overruled.

### Conclusion

After careful review, we affirm the trial court's judgment. Defendants' failure to timely respond to plaintiff' request for admissions conclusively established facts sufficient to enter judgment for plaintiff as a matter of law. Because defendants fully participated in the hearing on plaintiff's motion for summary judgment and failed to object to lack of notice, they have waived their ability to challenge such notice on appeal.

AFFIRMED.

Judges CALABRIA and HUNTER, JR., ROBERT N. concur.

Report per Rule 30(e).