DILLON, Judge.
 

 *613
 
 Respondent-Grandmother and Respondent-Grandfather appeal from an order in which the trial court effectively removed them as parties in a neglect and dependency proceeding involving two of their grandchildren, "Jonah" and "Zeke."
 
 [1]
 
 After careful review, we reverse.
 

 I. Background
 

 In September 2015, the Stanly County Department of Social Services ("DSS") filed a petition alleging that Jonah and Zeke were neglected and dependent juveniles. The petition named the children's parents and grandparents as the "parent[s], guardian[s], custodian[s], or caretaker[s][,]" but its allegations referred only to the conduct of the parents.
 

 In December 2015, the trial court entered an order (the "Custody Order") establishing a civil custody action and awarding legal and physical custody of both children to Grandmother and Grandfather. The Custody Order relieved DSS of further efforts on behalf of the children, concluding that the children's placement with Grandmother and
 
 *614
 
 Grandfather eliminated their need for further services from DSS or continued state intervention through a juvenile proceeding.
 

 Approximately four months later, in May 2016, DSS began receiving reports of physical and verbal altercations between Grandmother and Grandfather which occurred in the presence of the children. In response, DSS filed a second juvenile petition, alleging that Jonah and Zeke were neglected and dependent juveniles. After a hearing on the petition, the trial court determined that it was not in the children's best interest to remain with Grandmother and Grandfather, nor to be returned to their parents, and ordered that they be placed in DSS custody. The trial court further ordered DSS to work with the parents and grandparents to develop case plans to address the issues that led to the removal of the children. For the next six months, the trial court conducted regular review hearings, but the circumstances of the parties remained relatively unchanged.
 

 In March 2017, the trial court conducted a review hearing, during which it determined the following:
 

 *285
 
 8. The [parents] have never entered into a case plan, have taken no action to resolve issues that led to the children being removed and have indicated a desire that the minor children [ ] be placed in the custody of [Grandmother and Grandfather].
 

 9. [The parents and grandparents] continue to test positive for drugs, the primary drug being marijuana....
 

 Based on these and other findings, the trial court relieved DSS of further efforts to reunify the children with their parents and changed the children's permanent plan from reunification to "guardianship or adoption with an alternative plan of custody to a court approved caretaker."
 

 Three months later, in June 2017, the trial court conducted a permanency planning hearing. At the hearing, the trial court noted its receipt of signed forms from both of the children's parents relinquishing their parental rights to Jonah and Zeke. But despite taking judicial notice of the Custody Order granting custody of the children to Grandmother and Grandfather, the trial court concluded that the parents' signed "relinquishments ... terminated all parental rights of the respondents and the parents
 
 thereby relinquishing any actions on behalf of [Grandmother] and [Grandfather] in this matter
 
 ." This order effectively removed the grandparents from the ongoing proceeding and directed DSS to pursue a permanent plan of adoption by Jonah and Zeke's foster parents. Grandmother and Grandfather both separately appealed.
 

 *615
 
 II. Analysis
 

 A. Removal of Grandparents as Parties
 

 The primary issue on appeal is whether the trial court erred in removing Grandmother and Grandfather from the ongoing juvenile proceeding. Because the trial court failed to enter the appropriate findings required by N.C. Gen. Stat. § 7B-401.1(g) when discharging a party from a proceeding, we reverse and remand.
 

 At the time of the trial court's order, it took judicial notice of an active custody order which awarded legal and physical custody of the children to Grandmother and Grandfather. The Custody Order was entered pursuant to N.C. Gen. Stat. § 7B-911, which provides that upon placing custody of a child with an appropriate person, "the [trial] court shall determine whether or not jurisdiction in the juvenile proceeding should be terminated and custody of the juvenile awarded to a parent or other appropriate person [under Chapter 50]." N.C. Gen. Stat. § 7B-911(a) (2015). The Custody Order here specifically provided that it would "initiate[ ] a civil custody action" and that it terminated "the jurisdiction of the [trial court] in the juvenile proceeding." Thus, when DSS filed its second juvenile petition alleging that Jonah and Zeke were neglected and dependent juveniles, the petition created a new juvenile proceeding.
 
 See
 
 N.C. Gen. Stat. § 7B-401.1(a) (2015).
 

 Section 7B-401.1 of the Juvenile Code lists the individuals who
 
 must
 
 be parties to a juvenile proceeding. N.C. Gen. Stat. § 7B-401.1(a) - (f). This list includes parents, guardians, custodians, and caretakers, among others. N.C. Gen. Stat. § 7B-401.1(b) - (d).
 

 Here, the second juvenile petition named the parents and both Grandmother and Grandfather as parties. Presumably, Grandmother and Grandfather were included because the Juvenile Code provides that "[a] person who is the juvenile's custodian, as defined in G.S. § 7B-101(8), when the petition is filed
 
 shall be a party
 
 ." N.C. Gen. Stat. § 7B-401.1(d) (emphasis added);
 
 see also
 
 N.C. Gen. Stat. § 7B-101(8) (defining "custodian" as "[t]he person or agency that has been awarded legal custody of a juvenile by a court").
 

 Because Grandmother and Grandfather were appropriately named parties to the juvenile proceeding, the trial court was required to comply with N.C. Gen. Stat. § 7B-401.1(g) in ordering their removal from the proceeding:
 

 (g) Removal of a Party.-If a guardian,
 
 custodian
 
 , or caretaker is a party, the court may discharge that person from
 
 *616
 
 the proceeding, making the person no longer a party, if the court finds [1] that the person does not have legal rights that may be affected by the action and [2] that the
 
 *286
 
 person's continuation as a party is not necessary to meet the juvenile's needs.
 

 N.C. Gen. Stat. § 7B-401.1(g) (emphasis added).
 

 Here, the trial court failed to make the requisite findings to remove the grandparents as parties, instead basing its decision on the parents' relinquishment of their parental rights. Accordingly, we reverse the ruling of the trial court removing Grandmother and Grandfather as parties and remand for action consistent with this opinion, which must include the required findings pursuant to N.C. Gen. Stat. § 7B-401.1(g) if the trial court seeks to remove Grandmother and Grandfather from the juvenile proceeding. We note that the outstanding Chapter 50 Custody Order awarding Grandmother and Grandfather legal and physical custody of the children may prevent the trial court, in its discretion, from making the first required finding under
 
 N.C. Gen. Stat. § 401.1
 
 (g).
 

 B. Visitation and Best Interest Considerations
 

 Grandmother and Grandfather make two additional arguments on appeal. First, Grandfather contends that the trial court abused its discretion by failing to provide for continuing visitation by the children's grandparents. Second, Grandmother contends that the trial court failed to properly consider the best interest of the children when it concluded that it was not in the children's best interest to be returned to their grandparents. We address each argument in turn.
 

 "An order that removes custody of a juvenile from a parent, guardian, or custodian or that continues the juvenile's placement outside the home shall provide for appropriate visitation as may be in the best interests of the juvenile consistent with the juvenile's health and safety." N.C. Gen. Stat. § 7B-905.1(a) (2015). We review an order denying visitation for abuse of discretion.
 
 In re C.M.
 
 ,
 
 183 N.C. App. 207
 
 , 215,
 
 644 S.E.2d 588
 
 , 595 (2007).
 

 Here, the trial court made no reference whatsoever to visitation in its order, presumably because it had removed the grandparents from the proceeding. In the event that the trial court, after its consideration of
 
 N.C. Gen. Stat. § 401.1
 
 (g), determines that the grandparents should remain parties to the juvenile proceeding, it must then provide for appropriate visitation as may be in the best interests of the children.
 
 See
 
 N.C. Gen. Stat. § 7B-905.1.
 

 *617
 
 Finally, we address whether the trial court properly considered whether it was in the children's best interest to be returned to their grandparents. A determination regarding the best interest of a child is a "conclusion of law because [it] require[s] the exercise of judgment."
 
 Matter of Helms
 
 ,
 
 127 N.C. App. 505
 
 , 510-11,
 
 491 S.E.2d 672
 
 , 676 (1997). Thus, we review this conclusion of law only to determine whether it is supported by the findings of fact.
 
 Matter of Montgomery
 
 ,
 
 311 N.C. 101
 
 , 111,
 
 316 S.E.2d 246
 
 , 253 (1984).
 

 Here, the trial court did not make any findings in support of its conclusion that it would not be in the children's best interest to be returned to Grandmother and Grandfather. The sole finding which addressed physical custody of the children was finding of fact number six, which provided that the trial court "received [ ] copies of the court summaries from [DSS] and the GAL, adopts and incorporates those reports along with attachments as findings of fact." Our Court has previously held that the trial court "should not broadly incorporate [ ] written reports from outside sources as its findings of fact."
 
 In re J.S.
 
 ,
 
 165 N.C. App. 509
 
 , 511,
 
 598 S.E.2d 658
 
 , 660 (2004),
 
 superseded by statute on other grounds as recognized in
 

 In re A.S.
 
 , --- N.C. App. ----,
 
 793 S.E.2d 285
 
 (2016) (unpublished). Although the trial court is certainly permitted to consider all written reports and materials relevant to the proceeding, it should not delegate its fact-finding duty.
 
 Id.
 
 at 511,
 
 598 S.E.2d at 660
 
 . On remand, the trial court shall make findings sufficient to supports its conclusion that it would not be in the children's best interest to be returned to Grandmother and Grandfather.
 
 See
 

 id.
 
 at 512,
 
 598 S.E.2d at 660-61
 
 ("[T]he [trial] court ... must still make those findings that are relevant to the permanency plans being developed for the children.").
 

 *287
 
 Therefore, the order appealed from is reversed and remanded for further consideration as set out herein.
 

 REVERSED AND REMANDED.
 

 Judges CALABRIA and TYSON concur.
 

 [1]
 

 Pseudonyms are used throughout this opinion to protect the identity of the juveniles and for ease of reading.