IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-974

Filed 4 June 2024

Jackson County, Nos. 17 JA 66-69

IN THE MATTER OF: E.E., S.M.E., H.L., C.L., Juveniles.

Appeal by Respondent from Order entered 6 July 2023 by Judge Kaleb Wingate in Jackson County District Court. Heard in the Court of Appeals 1 May 2024.

> *Mary G. Holliday for Petitioner-Appellee Jackson County Department of Social Services.*
>
> *Mercedes O. Chut for Respondent-Appellant Custodian.*
>
> *Alston & Bird LLP, by Caitlin Van Hoy and William Metcalf, for Guardian ad litem.*

HAMPSON, Judge.

## Factual and Procedural Background

Respondent-Appellant Mr. H[1] appeals from an Order to Remove Party, which discharged him from the underlying juvenile cases. The Record before us tends to reflect the following:

Emily, Scott, Hannah, and Cole[2] are the grandchildren of Grandmother,[3] Mr.

---

[1] A pseudonym used for the protection of the juveniles' identities.
[2] Pseudonyms stipulated to by the parties.
[3] A pseudonym used for the protection of the juveniles' identities.

H's wife. At some point, the juveniles' Mother, the father of Hannah and Cole (Father), and all of Mother's children including the above-named juveniles and an older child, Penny,[4] moved in with Grandmother and Mr. H. This living arrangement was intact as of November 2017. At that time, however, Mother and Father were using illegal drugs, and this behavior led to an intervention by the Jackson County Department of Social Services (DSS).

On 14 December 2017, after an investigation, DSS filed petitions alleging all of the children to be neglected. The trial court entered nonsecure custody orders the same day. These orders allowed DSS to place the children in Grandmother's and Mr. H's home. At a 20 December 2017 hearing, the trial court placed the children with Grandmother and Mr. H.

On 27 April 2018, the trial court adjudicated the juveniles to be neglected based on Mother's and Father's drug use and consequent inability to provide proper care and supervision. After the initial disposition hearing on 7 May 2018, the trial court continued the juveniles' placement with Grandmother and Mr. H. Following a permanency planning hearing on 20 May 2019, based on the parents' failure to make progress on their case plans with DSS, the trial court awarded legal custody of the juveniles to Grandmother and Mr. H in an Order entered 18 July 2019.

On 27 September 2021, DSS filed new juvenile petitions alleging Mr. H had

---

[4] A pseudonym stipulated to by the parties. Penny is not a party to the underlying action.

sexually abused Emily, Hannah, and Penny over a period of years. The matters came on for an adjudication hearing on 31 August 2022. On 16 September 2022, the trial court entered an Order on Adjudication, which adjudicated Scott and Cole neglected, and Emily and Hannah abused and neglected. At that time, the juveniles remained in Grandmother's care. The 16 September 2022 Order also ordered the juveniles remain with Grandmother—"the legal custodian"—pending disposition. On 24 April 2023, the trial court entered an Order on Disposition placing the juveniles into the "legal custody" of DSS pursuant to N.C. Gen. Stat. § 7B-903(a)(6). Neither the September 2022 Order nor the April 2023 Order was appealed.

On 26 May 2023, the children's Guardian ad litem (GAL) filed a Motion to Dismiss Party to discharge Mr. H from the juvenile proceedings. During a hearing on 6 July 2023, DSS opposed GAL's Motion, specifically citing "practical" considerations related to Grandmother's economic dependence on Mr. H. Counsel for DSS explained there were

> [i]ssues related to equitable distribution between [Mr. H] and [Grandmother], [Grandmother]'s ability to maintain her Tri-Care coverage through [Mr. H]. We see benefit to us, practically speaking, if the [c]ourt will continue to have the ability to order [Mr. H] to do or not do certain things. . . And we're concerned that if he's no longer a party we're gonna lose that ability and we're not gonna know about things that are going on in terms of the home ownership, the occupancy of the home they now have and interim or temporary or separation agreement. [Grandmother] has the use of a vehicle that's in [Mr. H's] name. All these practical issues keep coming up, and I'm afraid that we're gonna have problems maintaining the placement, which the [c]ourt knows, is somewhat tenuous financially. We're gonna have

difficulty maintaining that placement if [Mr. H] isn't really enjoying the status of a party.

On 6 July 2023, the trial court entered an Order to Remove Party discharging Mr. H from the juvenile cases and removing him as a party. The trial court found Mr. H "does not have legal rights to the above captioned juveniles that may be affected by this action. Further, [Mr. H]'s continuation in this action is not necessary to meet the juveniles' needs." On 1 August 2023, Mr. H timely filed Notice of Appeal from the 6 July 2023 Order.

## Issue

The issue on appeal is whether the trial court erred by granting the Guardian ad litem's Motion to Remove Party.

## Analysis

Mr. H and DSS contend the trial court erred with respect to both required findings to remove a party under N.C. Gen. Stat. § 7B-401.1(g). This statute provides: "If a guardian, custodian, or caretaker is a party, the court may discharge that person from the proceeding, making the person no longer a party, if the court finds that the person does not have legal rights that may be affected by the action and that the person's continuation as a party is not necessary to meet the juvenile's needs." N.C. Gen. Stat. § 7B-401.1(g) (2021). Thus, Mr. H and DSS both argue the trial court erred by finding Mr. H does not have legal rights that may be affected by the custody proceeding, and Mr. H's continuation as a party is not necessary to meet the juveniles'

needs.

This Court has held generally, "any determination requiring the exercise of judgment, or the application of legal principles" is a conclusion of law. *In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) (citations omitted). Conclusions of law are reviewed de novo. *In re R.B.*, 280 N.C. App. 424, 431, 868 S.E.2d 119, 124 (2021) (citation omitted). "Under a de novo review, the court considers the matter anew and freely substitutes its own judgment for that of the trial court." *In re T.M.L.*, 377 N.C. 369, 375, 856 S.E.2d 785, 790 (2021) (citation and quotation marks omitted).

Notably, Mr. H appeals only from the July 2023 Order to Remove Party, which made the required Findings under N.C. Gen. Stat. § 7B-401.1(g) and discharged him from the juvenile cases. Although Mr. H makes a variety of arguments as to what the trial court should have or could have addressed, the only findings the trial court was required to make in order to remove him from the cases were those set out by statute: (1) he had no legal rights that may be affected by the proceeding; and (2) his continuation as a party was not necessary to meet the juveniles' needs. N.C. Gen. Stat. § 7B-401.1(g) (2021); *see also In re J.R.S. and Z.L.S.*, 258 N.C. App. 612, 615-16, 813 S.E.2d 283, 285-86 (2018). We review a trial court's order to determine "whether there is competent evidence in the record to support the findings and the findings support the conclusions of law." *In re R.A.H.*, 182 N.C. App. 52, 57-58, 641 S.E.2d 404, 408 (2007) (citation omitted). A trial court "need not make specific findings of each subsidiary fact supporting its ultimate finding[s]." *Kleoudis v.*

*Kleoudis*, 271 N.C. App. 35, 43, 843 S.E.2d 277, 283 (2020).

First, Mr. H argues the trial court erred as a matter of law in concluding he does not have rights to the care, custody, and control of the children and dismissing him as a party on that basis. Specifically, Mr. H contends he had "custodial rights to the children" by virtue of the time the juveniles spent in his and Grandmother's legal and physical custody, as well as the trial court's Conclusion in the April 2023 Order that the juveniles' parents "have acted in a manner contrary to their constitutionally protected status as parents and have waived that status as a result." We disagree.

Our statutes define a "custodian" in the context of juvenile proceedings as "[t]he person or agency that has been awarded legal custody of a juvenile by a court." N.C. Gen. Stat. § 7B-101(8) (2021). Thus, a party's status as a custodian is entirely dictated by the court. In the September 2022 Order, which followed the adjudication of the juveniles as abused and neglected, the trial court expressly found Mr. H sexually abused Penny, Emily, and Hannah. The trial court concluded "the conditions that led to [Mr. H] leaving the home of the juveniles continue to exist." Further, the trial court concluded "it is in the best interests of the Juveniles for them to remain in placement with their legal custodian, [Grandmother], pending further hearings." Although Mr. H had received notice of the 2021 Petition filings as the juveniles' "legal guardian[,]" no order was ever entered in this juvenile proceeding awarding guardianship of the juveniles to Mr. H. In the September 2022 Order on Adjudication, the trial court made no provision for Mr. H to have legal custody of the

children. In the April 2023 Order on Disposition, the trial court appointed DSS the juveniles' legal custodian.

In the April 2023 Order, the trial court found Mr. H has been indicted on felony charges for sexually abusing Emily. Based on this Finding and others, the trial court concluded: "it is in the best interests of the remaining Juveniles, [Emily, Scott, Hannah, and Cole] for them to be placed in the legal custody of [DSS], pending further hearings." Thus, the April 2023 Order expressly gave legal custody of the juveniles to DSS. That Order was not appealed by any party. Instead, Mr. H's appeal is only from the July 2023 Order discharging him from the juvenile cases. Thus, based on the September 2022 and April 2023 Orders, Mr. H is no longer a guardian, custodian, or caretaker of the juveniles as defined by N.C. Gen. Stat. § 7B-101. This is dispositive. Thus, the evidence in the Record supports the trial court's Finding that Mr. H has no legal rights to the juveniles that may be affected by the underlying proceedings.

Further supporting its Conclusion that Mr. H's continuation as a party is not necessary to meet the juveniles' needs, the trial court made detailed Findings in its September 2022 Order regarding Mr. H's prolonged sexual abuse of Emily, Hannah, and Penny. The trial court also made Findings regarding the negative impacts of the abuse and neglect on the juveniles in its Disposition Order. These prior Orders also establish Mr. H no longer lives in the home with Grandmother, is indicted on felony charges arising from his sexual abuse of the juveniles, and was in custody. Moreover,

the Orders reflect Mr. H was the subject of domestic violence protection orders and Grandmother was awarded temporary possession of the home and vehicle leased by Mr. H. Nevertheless, Mr. H contends his financial support is necessary to maintain placement of the children with Grandmother. This ignores the fact Grandmother, herself, no longer has legal custody of the children; DSS does. While DSS has the authority to consider placement of the four children with Grandmother, that placement is not required.

Thus, the evidence in the Record supports the trial court's Finding that Mr. H has no legal rights to the juveniles that may be affected by the underlying proceeding and that his continuation as a party is not necessary to meet the children's needs. Therefore, this Finding support the trial court's determination the GAL's Motion to Remove Party should be allowed under N.C. Gen. Stat. § 7B-401.1. Consequently, the trial court did not err in removing Mr. H as a party from the underlying juvenile proceedings.

## **Conclusion**

Accordingly, for the foregoing reasons, we affirm the trial court's Order removing Mr. H as a party from the underlying actions.

AFFIRMED.

Judges GORE and FLOOD concur.